No. 18,735.

Leona J. Huber *v.* Alban F. Huber.
(353 P. [2d] 379)

Decided May 31, 1960.   Rehearing denied July 11, 1960.

Messrs. Mancini & Singer, for plaintiff in error.

Messrs. Meadoff & Meadoff, for defendant in error.

*In Department.*

Per Curiam.

The question involved in the matter at bar is whether the trial court abused its discretion in denying the motion

of plaintiff for an increase in support payments for the minor children of the parties, ages ten years and six years.

By a detailed written agreement, approved by the trial court in an interlocutory decree of divorce dated October 1, 1954, the husband and wife settled all alimony claims and property rights of the wife arising from their marital status, and agreed on the amount and terms of child support. The agreement, except as to continuing child support, has been fully executed. A final decree of divorce was granted plaintiff April 4, 1955, and the agreement between the husband and wife, including the confirming orders relating to child support in the interlocutory decree, were continued in force.

The original agreement, as approved by the trial court, provided that the defendant husband should pay to the plaintiff wife the sum of $100.00 per month for the support of the two children, pay the premiums on certain life insurance policies, and pay the children's medical expenses not fully covered by Blue Cross and Blue Shield. In September, 1956, upon motion and hearing, the court ordered the payments increased to $110.00 per month. In February, 1958, the plaintiff filed her motion for an increase in child support, attorney's fees and costs. The motion was heard in April, 1958, and denied. The defendant husband had remarried prior to the filing of this motion.

The record shows that both families, at the time of the hearing, lived in the respective houses they occupied in September, 1956. That the plaintiff had a monthly net income of about $400.00; the defendant's net monthly income was approximately the same amount, after paying on a heavy indebtedness he had been compelled to incur while his income was greatly reduced. The plaintiff owned a 1955 automobile; the defendant a 1956 model. The children spent their summers away from their mother, except alternate weekends, with no expense to the plaintiff for food during such absences.

In September, 1958, the younger child would enter school and plaintiff's baby sitting expense would be reduced. There were other facts to show that there had been no material change in the circumstances of the parties, and that neither the children's need, nor the father's ability to pay, had increased appreciably. The children were being suitably provided for, were not in need, and there had been "no substantial change in condition" of the parties.

Courts may modify a support order as changed circumstances may require, but they should not do so unless it appears the original order is no longer equitable. *Harris v. Harris,* 113 Colo. 41, 154 P. (2d) 617.

In the modification of such orders the trial court must base its findings and orders on the needs of the parties at the time of the hearing rather than on what those conditions might have been in the past, or may be in the future. *Watson v. Watson,* 135 Colo. 296, 310 P. (2d) 554.

After a thorough hearing the trial court found that neither the circumstances of the parties nor the needs or requirements of the children had so altered as to warrant a change in the order for the children's support. Such determination was in the sound discretion of the trial court, and in the absence of an abuse of that discretion, not shown here, it will not be disturbed on review. *Zook v. Zook,* 118 Colo. 299, 195 P. (2d) 387; *Schleiger v. Schleiger,* 137 Colo. 279, 324 P. (2d) 370; *Green v. Green,* 139 Colo. 551, 342 P. (2d) 659.

The judgment is affirmed

Mr. Chief Justice Sutton, Mr. Justice Moore and Mr. Justice Doyle concur.