No. 20,211.

WILLIAM F. GARROW *v.* EILEEN THERESE GARROW.

(382 P. [2d] 809)

Decided June 17, 1963.

Mr. KENNETH A. SELBY, for plaintiff in error.

Messrs. BURNETT, WATSON & HORAN, for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

The matter here for review is an order of the district court modifying the terms of child support and visitation rights in connection with a divorce decree. Mrs. Garrow, plaintiff in the trial court and defendant in error here, will be referred to as Eileen. Mr. Garrow, defendant in the trial court, will be referred to as William.

The record discloses that Eileen obtained an interlocutory divorce decree on September 29, 1958, which continued an earlier temporary child support order for $100.00 per month and reserved for later decision questions of alimony, court costs and attorney's fees. The final decree was granted March 30, 1959, and in addition to continuing the payment of $100.00 per month for child support William was granted specific visitation rights with the three minor children of the parties each Sunday from 12 noon to 5:00 P.M. No award was then made for alimony or attorney's fees. It appears that at the time of the final decree William was earning $350.00 per month. We note that no transcript as to the final hearing on the property settlement between the parties is included in this record so we are uninformed as to the equities involved in that phase of this unfortunate controversy.

On August 8, 1961, William filed a motion for modification of the support order and visitation rights. His motion did not state whether the modification was to be an increase or decrease in amount; however, it suggested there should be a decrease since Eileen was then working and receiving monthly donations towards her support from her family. It clearly appears from this record that she lives substantially beyond her income. Eileen's response to this motion was to assert a change of circumstances requiring an increase in child support. She also requested $150.00 attorney's fees for the expense of contesting William's motion.

The record further discloses that on October 31, 1961, William had the court issue four subpoenas requesting that Eileen, Alfred O'Meara, Jr., Eugene P. O'Meara and Nancy O'Meara appear in court on November 1, 1961. He sought to have Eileen bring certain papers concerning her present financial situation. As to the remaining three persons he sought to force them to bring to court their federal and state income tax returns for the years 1959 and 1960 and to show all amounts of money they had donated towards the support of the three Garrow children.

Eileen was the only subpoenaed person to appear at the November 1st hearing. William then filed a motion for the enforcement of the subpoenas, which was answered by Eileen with a motion to quash. Her reasons were the short notice involved and the fact that the other three persons were not parties to the action and that the information requested was confidential. The motion to quash was granted on November 21, 1961, and hearing was set on the modification order for January 4, 1962.

At that hearing Eileen and William both testified and produced papers concerning their respective financial situations. William indicated that he was now earning $500.00 per month salary and receiving $100.00 per month car allowance. In addition, in 1961 he received a bonus for 1960 from his employer of $590.00 but the record fails to indicate that this is to be a definite year to year reward. William realized, however, that the increase in his income from the time of the divorce decree would warrant some increase in child support and he expressed a willingness to pay $150.00 per month if he could use two of the children for income tax deduction purposes and have better visitation rights.

Eileen's testimony revealed that in addition to the $100.00 per month child support she received from her ex-husband that she was also employed as a secretary. In that position she earned $309.25 gross for each ten

months a year and $335.00 gross for each of two months a year. Her expenses for herself, the three children and a baby sitter were $635.00 per month. She stated that the difference between her income and expenses was made up by gifts from relatives who were the three earlier mentioned O'Mearas; it further appearing that the three O'Mearas also were attempting to take her three children as dependents on their income tax returns. William then again moved that the O'Mearas appear in court to give exact amounts they claimed as deductions, but this motion was denied.

Following the hearing the trial judge, with the consent of both parties, spoke with the three Garrow children, who at that time were ages 10, 9 and 7. He did this so that he might arrive at a satisfactory solution to the visitation problem.

The court then entered an order awarding Eileen $190.00 per month child support, with William thereafter to take two of the children as tax deductions. He also was ordered to pay $150.00 for attorney's fees. His visitation rights were increased to overnight stays for the children every other week end and for a two weeks vacation period in the summer. The order further stated that while the father had the children he would be responsible for their being taken to church or Sunday school, if they were so enrolled "in accordance with the dictates of the mother."

William moved that the court make written findings of fact and conclusions of law and the court, though first willing to do so, later concluded it was not necessary and stated that the record could serve as findings. This order was entered January 12, 1962, nunc pro tunc to January 5, 1962. Four days later William filed a motion to amend the findings of fact and conclusions of law and a motion for a new trial. Both of these were denied in a hearing on April 4, 1962. This writ of error followed.

The following grounds for reversal are urged by William:

(1) That the trial court erred in not making separate written findings of fact and conclusions of law;

(2) That it was error to quash the subpoenas;

(3) That the amount of child support was confiscatory;

(4) That attorney's fees should not have been included;

(5) And, finally that he should not have been ordered to take the children to church at the discretion of the mother.

We will consider the grounds seriatim.

■ First we point out that Rule 52 (a) of the Colorado Rules of Civil Procedure provides in pertinent part that "Findings of fact and conclusions of law are unnecessary on decisions of motions * * * ." The action here involved was a motion for "modification of support and visitation orders," thus the trial court was under no duty to make written findings of fact and conclusions of law.

■ Secondly, as to the granting of the motion to quash the subpoenas. Rule 45 (b) provides that the trial court may quash a request for subpoenas if such request is shown to be unreasonable. Here the voluntary donations to Eileen of others subpoenaed had nothing to do with William's duty of support, which must be based upon the needs of the children and his ability to pay, thus their presence in court was immaterial to the final outcome, and the subpoenas were properly quashed.

The three remaining assignments of error also present the basic question as to whether the court abused its discretion. In *Brown v. Brown,* 131 Colo. 467, 283 P. (2d) 951 (1955), it was said:

" * * * We also have held that in a divorce action, particularly with respect to the care, custody and maintenance of minor children, the court, at the time of

making an award for the minor children, is obligated to appraise conditions as they exist at the time of the presentation. * * * It always has been recognized in this jurisdiction that if the financial ability of the husband and father improves, and the needs of the minor children increase, the jurisdiction of the court to make additional orders for the care and maintenance of the minor children may be invoked at any time in a proper proceeding."

■ The last three matters ruled on by the trial court in this case come well within the above quoted rule. William's income had increased as had the demonstrated needs of his children. The former support payments are now inadequate. The modest attorney's fee awarded Eileen is the first one granted her in what the record discloses has been almost continuous controversy between the parties. We find no abuse of discretion on the part of the trial court under the facts presented and, absent such, the order must be affirmed. Compare *Huber v. Huber,* 143 Colo. 255, 353 P. (2d) 379 (1960).

The order and judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE McWILLIAMS not participating.