Opinion by
Mr. Justice Day.
Plaintiff in error will be referred to as Mr. Hayden, and defendant in error as Mrs. Hayden.
The parties were divorced in 1960. At the time there was incorporated into the decree a property settlement submitted by the parties. Mrs. Hayden, eighteen months after the entry of the decree, filed a motion with the trial court alleging that Mr. Hayden had failed to comply with the property settlement contract, and requested the trial court to enforce its orders with respect thereto. The particular order with reference to the decree reads:
“IT IS FURTHER ORDERED That the agreement entered into between the plaintiff and defendant on April 28, 1960 marked ‘Exhibit A’ is approved by the Court and the parties hereto are hereby ordered to comply with each and every provision thereof on his or her part to be performed and that pursuant to said agreement IT IS ORDERED That: * * *”
Thereafter a property settlement agreement was detailed in the decree which differed in some important particulars from the document signed by the parties, but it became the order of the court.
*255 The particular paragraph of the agreement sought to be enforced by Mrs. Hayden reads:
“4. Wife is to retain as her sole and separate property, without any claim by the Husband, all of her jewelry, clothing and personal effects, corporate stock standing in her name and certain items of personal property presently in the family home located at 660 Monaco Parkway, Denver, Colorado, which the parties hereto have agreed upon.” (Emphasis supplied.)
At the hearing Mrs. Hayden testified as to certain items in the home and Mr. Hayden’s office which she wanted and had demanded.
At the conclusion of the hearing the Court entered an order requiring Mr. Hayden to turn over to petitioner 23 enumerated items and further ordered that if he could not produce any item he should pay therefor the cash amount Mrs. Hayden alleged was the value of the item sought by her.
Of all the items which the court ordered Mr. Hayden to deliver, Mrs. Hayden admitted they had not been discussed with Mr. Hayden and had not been agreed upon. She testified she had merely assumed there wouldn’t be any question about them.
Mr. Hayden testified that Mrs. Hayden had received every article they had agreed she should get and that he has no property that they had agreed Mrs. Hayden should have.
The trial court made no findings of fact as to the items of personal property. As we view the record, however, the order and decree directing Mr. Hayden to deliver certain articles to Mrs. Hayden is not supported by any evidence and cannot be sustained. For that reason we need not discuss the several other assignments of error which Mr. Hayden has advanced as grounds for reversal of the trial court’s order on the personal property.
In its order the court also required Mr. Hayden to pay Mrs. Hayden’s attorney fees. These amount to $600.00. When the order to which this writ of error is *256 directed was entered on August 9, 1962, the court awarded Mrs. Hayden $100.00 to be paid by Mr. Hayden. On August 16 Mr. Hayden sued out a writ of error and docketed the case here, and on September 6, 1962, Mrs. Hayden filed with the trial court her petition for attorney fees to resist the writ of error, and on September 26, 1962, the trial court granted her petition and set the attorney fees at $500.00.
The record reveals that this litigation was unwarranted and without merit and that Mrs. Hayden’s petition was not sustainable under the agreement or her own admission. It also is apparent from the record and property settlement that Mrs. Hayden received from Mr. Hayden substantial property and is able to and should finance her litigation. It was error for the trial court to direct Mr. Hayden to pay for this litigation.
That portion of the order requiring Mr. Hayden to turn over the specific items of personal property or to pay in lieu thereof cash in the amount set forth in the order and the orders for attorney fees are set aside and held for naught. The remaining portions of the order are affirmed.
Mr. Justice Moore and Mr. Justice Sutton concur.