## No. 20956.

BARBARA JOYCE MOSES *v.* ROBERT WAYNE MOSES.
(394 P.2d 601)

Decided July 27, 1964.    Rehearing denied August 24, 1964.

Mr. Vincent Cristiano, for plaintiff in error.

Messrs. Smith, Pyle, Johnson & Makris, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice McWilliams.

On August 29, 1960, Barbara Moses was granted a decree in divorce from her husband, Dr. Robert Moses. Thereafter the parties entered into a written agreement concerning the custody of their four children, alimony, support and other related matters. On December 1, 1960, the trial court by appropriate order "approved" this written agreement between the parties and "incorporated" the same into a formal order of court, with a copy of the agreement being physically "annexed" to said order.

Under the terms of this agreement Barbara received custody of the four children and was permitted to continue to live in the family home, title to which was to remain in Barbara and Dr. Moses in joint tenancy. In connection with the family home Barbara agreed to keep up the monthly payments thereon, which were then $126 per month, and also agreed "to be responsible for paying all costs of maintenance . . . and other expenses of the upkeep and repair of the family home." Dr. Moses in turn agreed, among other things, to pay Barbara the sum of $300 per month as support for the children and to pay as alimony the sum of $1150 per month to and through January 1962, at which time the alimony payments according to the agreement would thereafter be $350 per month.

This agreement also provided that the aforementioned alimony and support payments were "subject to review by this Court on a change of circumstances of the parties," and in January 1962 Barbara filed a motion to in-

crease alimony support payments. It is noted that under the terms of the agreement January 1962 was the last month Barbara was to receive as alimony the sum of $1150. This motion came on for hearing on February 21, 1962, at which time Barbara elected to waive her request for increased alimony, though she pursued her request that the support payments for the four children be increased. After hearing the trial court increased the support payment to $350 per month, the trial court stating that though the "child support payments should rightly be increased to $350 per month," it would nonetheless not be "kindly disposed to frequent motions and hearings on increasing the support." Neither party sought review of this action taken by the trial court in connection with Barbara's motion to increase child support payments.

The publicly announced hope of the trial court that there would not be "frequent" hearings seeking additional support or alimony payments did not materialize. Rather, in April 1963 Barbara with new counsel filed another motion seeking an increase in alimony and support, as well as an order that Dr. Moses be compelled to pay for a new roof and a paint job on the family home. The trial court devoted a full day to the consideration of Barbara's motion. All interested parties were permitted to testify at great length, to the end that the reporter's transcript of the testimony contains some 700 folios. At the conclusion of this hearing the trial court denied Barbara's motion in its entirety, holding that "since the last hearing in this matter" there had been "no substantial change in [the] circumstances of the parties." Being highly dissatisfied with this order of court, Barbara now seeks a reversal thereof.

▮ In *Harris v. Harris*, 113 Colo. 41, 154 P.2d 617 this court recognized that, though a "decree for alimony may be modified from time to time as changed circumstances require," a court "should proceed with caution in changing or modifying an alimony decree" and further

that "such decree should not be modified unless it clearly appeared that the original decree was no longer equitable." In *Huber v. Huber,* 143 Colo. 255, 353 P.2d 379, a case where the trial court denied a motion for an increase in support payments, the Court stated that the action taken by the trial court should not be disturbed inasmuch as "such determination was in the sound discretion of the trial court" and did not constitute "an abuse of discretion."

■ Applying the foregoing criteria to the instant case, we conclude that the trial court did *not* act arbitrarily or capriciously, nor did it otherwise abuse its discretion in denying Barbara's motion for increased alimony and support.

We deem it unnecessary to demonstrate the propriety of the action of the trial court by a detailed recital of the varied minutiae disclosed by the reporter's transcript. It is sufficient to note that it was Barbara's contention that her needs and those of her children were "up" and that her ex-husband's ability to pay was enhanced because of some increase in his income coupled with the fact that he had been able to reduce his expenses. Contrarily, Dr. Moses' position was to the effect that Barbara's problems were of her own making and stemmed primarily from an inability to properly budget. The trial court, not this court, heard the witnesses and also had the advantage of observing their demeanor on the witness stand. The testimony and particularly the inferences flowing therefrom were in conflict. Under all the circumstances we decline to disturb the ruling of the trial court and we hold that in denying Barbara's motion the trial court did not abuse its discretion.

■ Barbara's additional contention that the trial court erred in failing to compel Dr. Moses to repair the roof and paint the family home is without merit. By the terms of their agreement Barbara expressly agreed to bear this expense, and we are not at liberty to rewrite the agreement and shift the burden to Dr. Moses.

■ Finally, counsel for Barbara argue that the trial court committed grievous error in refusing to award him reasonable attorney's fees, to be paid for by Dr. Moses. We find no abuse of discretion on the part of the trial court in this regard and under all of the circumstances of the instant case the trial court did not err in denying this request. See *Hayden v. Hayden,* 155 Colo. 253, 394 P.2d 137.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE PRINGLE concur.