No. 21173.

MIKE P. FRANCO *v.* MARY ANN FRANCO.
(423 P.2d 327)

Decided February 6, 1967.

508

STANLEY W. PRISNER, MICHAEL T. VAGGALIS, for plaintiff in error.

CLARENCE W. BUTTON, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS writ of error is directed to an order of the trial court which increased an award for the support of the parties' three children, who are in the custody of the mother. The original order provided for weekly payments of $30. Upon petition of the mother, based on changed circumstances, the court increased the award to $40 per week.

This court has repeatedly held that the change or modification of support orders lies within the sound discretion of the trial court and, in the absence of an abuse of such discretion, it will not be disturbed on review. *Garrow v. Garrow*, 152 Colo. 480, 382 P.2d 809; *Huber v. Huber*, 143 Colo. 255, 353 P.2d 379; *Zook v. Zook*, 118 Colo. 299, 195 P.2d 387.

Another rule which is correlated to the fore-

going is that in making its award of support money, the trial court must weigh the father's ability to pay against the reasonable needs of the children. *Garrow v. Garrow, supra.*

■ A review of the record readily discloses sufficient evidence of the change in the needs of the children. Six years elapsed between the entry of the original order and the order to be scrutinized here. One child was in school at the time of the original order. Six years later all three were in school. One child has developed serious physical defects which will require prolonged medical attention and the attendant expense.

■ The test which troubled the trial court is that relating to the ability of the father to pay the increased award. The evidence was somewhat vague and inconclusive because of the father's incomplete records relating to the income from his barber shop. The original order provided that the husband "be responsible for and make the payments on" a loan in the approximate amount of $600, the payments on which were $25 per month. His financial affidavit showed that he had additional loan payments of $54 per month, without showing the total indebtedness.

At the hearing, which resulted in the order here challenged, the husband's testimony showed that, in spite of the fact that his business records disclosed that his income averaged $100 less per month than the expenses shown on his financial affidavit, he had no debts. He did not record his tips. There was sufficient evidence (and inferences to be drawn therefrom) to support the conclusions of the trial court.

This court, in *Moses v. Moses*, 155 Colo. 340, 394 P.2d 601, noted:

"* * * The trial court, not this court, heard the witnesses and also had the advantage of observing their demeanor on the witness stand. The testimony and particularly the inferences flowing therefrom were in con-

510

flict. Under all the circumstances we decline to disturb the ruling of the trial court * * *."
We adhere to this policy. We find no error.
The judgment is affirmed.

MR. JUSTICE MCWILLIAMS not participating.