No. 23471.

GILBERT A. ANDERSON *v.* JUDITH ANN ANDERSON.
(445 P.2d 397)

Decided September 30, 1968.

RICHARD D. LAMM, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error will be referred to as Gilbert and defendant in error will be mentioned as Judith. The cause is here on writ of error directed to a judgment awarding custody of a minor child to Judith, fixing visitation rights to Gilbert, and awarding attorney's fees.

Judith obtained a noncontested decree of divorce on September 25, 1967. Prior to the date set for hearing on final orders regarding custody and support money, the trial court ordered that an investigation and report be made by the district court probation department concerning the ability of Gilbert and Judith to serve the best interests of the child. This procedure was followed pursuant to C.R.S. 1963, 46-1-5(7) which became effective on July 1, 1967. In pertinent part it provides as follows:

"In any action for divorce or in any subsequent proceeding in which more than one party seeks the custody of any minor child no party shall be presumed to be able to serve the best interests of the child better than any other party because of sex. Before awarding custody in such a case or proceeding the court shall request any county or district welfare department or the court's probation department to investigate and file a written report or reports as to the ability of each party to serve the best interest of the child and such department shall promptly fulfill such request. Each report shall be considered by the court in making the award of custody. The cost of each investigation up to a maximum of fifty dollars shall be assessed as part of the costs of the action or proceeding. Upon receipt of such sum by the clerk of the court he shall transmit it to the department performing the investigation."

The rule of the district court which was adopted prior to enactment of the above statute, and which has not been repealed, reads as follows:

"Upon the hearing of such application for permanent orders, the court may enter orders based upon the report of the domestic relations staff without further testimony, if, neither party has filed any exceptions to the report. If either party has filed any exceptions to the report that cannot be resolved at the date and time set for hearing, the court shall continue the hearing to a date and time certain, to be set by the domestic relations calendar clerk, at which time the court shall consider such objections, *take any testimony offered by the parties,* hear any oral arguments presented by the parties, and enter orders." (Emphasis added.)

In the instant action the probation department made an investigation and a report. The report is not made a part of the record before this court and we can only speculate upon the contents thereof from the "Exceptions to Probation Report" which was filed by counsel for Gilbert on January 9, 1968, two days prior to the time fixed for the hearing on the issues of custody, support money, and attorney's fees.

When the matter came on for hearing counsel for Gilbert attempted to call witnesses to establish the asserted unfitness of Judith to have custody of the child, and to take issue with conclusions contained in the report of the probation department. The trial court refused to hear the witnesses. Counsel in explaining his position stated to the trial court:

"* * * I think there are certain accusations here which, if true, preclude the defendant, Mr. Anderson, from having custody of the child, and if not true, preclude Mrs. Anderson from having custody. As shown, she has psychological problems * * * that would be bad for the welfare of the child. We have three witnesses, Your Honor, plus cross-examination of Mrs. Anderson.

"We feel, Your Honor, that it is extremely important to the decision about who gets custody of the child."

In refusing the request of counsel for Gilbert to call witnesses, the trial court stated, *inter alia:*

"The Court feels and finds that it has sufficient facts before it to justify the ruling of the Court as to the welfare of the child, rather than to have all these unnecessary accusations being made in open court by persons who have — particularly the parties herein — who have manifested interests, and I will reiterate that what I as a judge am concerned about is the welfare of the child, and this certainly should be the interest of all other parties.

"The Court has the investigation report from the Probation Department and I know there have been exceptions filed to that report. The exceptions are more or less directed to certain statements or matters relating to the personality or other factors.

"I might state that another judge had a report from the investigation staff with many of the things which were related by Mr. Lamm, and he, too, found that temporary custody should be placed with the plaintiff. There is no reason why custody should be changed at this time. Of course, it may be, in the event there will be a change of circumstances in the future — but not at this time."

Counsel for Gilbert strenuously objected and pointed out that at no time in the entire case had any court conducted a hearing to determine the relative fitness of either of the parents to have custody of the child. He stated, and the statement is not challenged, "We have never had an opportunity to present our evidence at any time." Counsel made offers of proof, the truth or falsity of which would bear directly upon the fitness of the parties to have permanent custody of the child. It is clear that the trial court relied upon the report and afforded no opportunity for Gilbert to offer evidence in

explanation thereof, or to disprove any conclusions based on hearsay that were contained therein.

■ The act of the legislature purporting to authorize the trial court to call upon the probation department for a report concerning "the ability of each party to serve the best interest of the child," and further directing that "Each report shall be considered by the court in making the award of custody," cannot be so construed as to deny due process which includes the right to be heard in open court and to have a determination of issues based upon competent evidence offered by persons who submit themselves to cross-examination.

■ As was stated by the Supreme Court of California in *Fewel v. Fewel,* 23 Cal.2d 431, 144 P.2d 592: "The purpose of the legislation providing for court assistants in the capacity of 'investigators of domestic relations cases' to 'assist the court in the transaction of the judicial business of said court' * * * is obviously what the language used implies; i.e., to assist the court and not to replace it. The Legislature would have no power to substitute an investigator for a judge. Neither does such legislation authorize a trial court to deny to the parties any of the usual attributes of a fair trial in open court upon due notice."

■ Objections and Exceptions were filed to the report of the probation department. It was a hearsay document and if the conclusions reached therein were objected to by either party, it would be necessary that competent evidence, upon which the conclusions were based, be presented in open court.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.