No. 24428.

William Ray Aylor *v.* Bonita Elizabeth Aylor.
(478 P.2d 302)

Decided December 14, 1970.

James E. Fairchild, Jr., Blaise J. Jacobucci, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

On December 27, 1967, the trial court entered a decree of divorce dissolving the marriage of the parties and awarding custody of the two minor children to the father who is the plaintiff in error. The mother of the children is the defendant in error.

This case is here on a Writ of Error directed to a subsequent custodial order awarding the custody of the children to the mother.

The children, at the time of the divorce, were awarded to the father with visitation rights in the mother. The mother was working at the time and was not able to provide a home for the children, whereas the father and his mother had a suitable home.

The mother thereafter remarried, established a home and petitioned the court for the children's custody on the basis of that change in her circumstances. The court, after a series of hearings, awarded the custody of the children to the mother and it is this order which the father seeks to reverse.

In his motion for new trial and here the father sets forth twelve alleged errors. For purposes of discussion, several assignments of error will be consolidated and others will be treated individually and some disposed of without comment. We find no error which is sufficient to justify a reversal.

■■ Several errors challenge the sufficiency of the evidence to support the court's finding of a sufficient change in circumstances to justify taking the custody of the children from the father and awarding it to the mother. In regard to this argument, it is only necessary to show a change of circumstances or new facts which were not in existence at the time of the prior order. The new family situation of the wife is sufficient to justify a change of custody, providing always that the interest and welfare of the children is the primary and controlling consideration of the court in ordering the change of custody. *Searle v. Searle,* 115 Colo. 266, 172 P.2d 837; *Averch v. Averch,* 104 Colo. 365, 90 P.2d 962.

■ A review of the record discloses sufficient evidence to show not only the changed circumstances, but, also that the change in custody was in the best interests of the children.

■■ The father questions the trial court's character-

ization of all custody orders as "interlocutory." An award of custody is a final order and appealable, but the court retains jurisdiction of the children for the very purpose of being able to make such custody orders as will best serve the interests of the children. *See* C.R.S. 1963, 46-1-5 (4). We perceive no error in the court's characterization of his orders. As a matter of law the father could have appealed any *final* order regardless of the label placed upon it by the court.

█ The father challenges the constitutionality of 1969 Perm. Supp., 1963 C.R.S. 46-1-5 (7), on its face and as it was applied in the instant case. Subsection (7) reads: "In any action for divorce or in any subsequent proceeding in which more than one party seeks the custody of any minor child, no party shall be presumed to be able to serve the best interests of the child better than any other party because of sex. *Before awarding custody in such a case or proceeding, the court shall upon motion of either party or may on the court's own motion request any county or district welfare department or the court's probation department to investigate and file a written report or reports as to the ability of each party to serve the best interest of the child and such department shall promptly fulfill such request.* Each report shall be considered by the court in making the award of custody. The cost of each investigation up to a maximum of fifty dollars shall be assessed as part of the costs of the action or proceeding. Upon receipt of such sum by the clerk of the court he shall transmit it to the department performing the investigation." (Emphasis added.)

The father asserts that the underscored provision violates art. II, §§ 6 and 25 of the Colorado constitution. The argument is that the father was denied a fair trial and due process because the court received in evidence the investigative reports of welfare and health department employees in reference to conditions found in the respective homes of the two contestants and in reference to the psychological effects living with the father or the

mother might have on one of the children. Unlike the situation in *Anderson v. Anderson*, 167 Colo. 88, 445 P.2d 397, the record indicates that at one hearing after the reports were filed, the individuals who made the reports were either in court or could have been made available to the parties for cross-examination. We perceive no unfairness nor a denial of due process in the circumstances.

■ The husband complains that "the statute does not provide that the court rely on the recommendations of the investigator." It is true that the order changing the custody of the children was based on the recommendations of the psychiatrist and the welfare personnel, but the trial judge made the award, not the psychiatrist or the welfare worker. They furnished specific information of a specialized nature for aid and assistance to the court, but in the final analysis the judge made the decision. Whatever recommendations may be made to the judge, be they by experts or counsel, they are merely *recommendations* and nothing more. For an analogous situation, see *Smith v. People*, 162 Colo. 558, 428 P.2d 69.

The judgment is affirmed.