554 P.2d 720 (1976)
Florence M. PACHECO, now known as Florence M. Sellers, Plaintiff-Appellee,
v.
Benjamin F. PACHECO, Defendant-Appellant.
No. 75-799.
Colorado Court of Appeals, Div. II.
August 12, 1976.
*721 Bettenberg & Stipech, Robert T. Bettenberg, Mark R. Shapiro, Denver, for plaintiff-appellee.
George G. Johnson, Jr., Denver, for defendant-appellant.
Selected for Official Publication.
VANCISE, Judge.
Defendant, Benjamin F. Pacheco (the father), appeals from the orders denying his motion for permanent change of custody and granting the motions for increase in child support and for attorney fees of plaintiff, Florence M. Sellers (the mother). We affirm.
In September 1970, custody of the two children of the parties was granted to the mother with prescribed visitation rights to the father, and the father was ordered to maintain medical insurance for the children and to pay $50 per month per child for support. In April 1975, the three motions above referred to were heard. The court denied the motion for change of custody, increased the child support from $50 to $85 per month per child, and ordered the father to pay $300 to the ex-wife's attorney.

I.
The father contends that the court abused its discretion in ordering increased child support payments and in requiring him to pay his ex-wife's attorney fees. No issue is made as to the reasonableness of the amount of the fee; the objection is to his being required to pay any fee.
The court has continuing jurisdiction for the purpose of such later revisions of its order pertaining to child support as changing circumstances may require. C.R.S.1963, 46-1-5(4). And, if the financial ability of the father improves and the needs of the minor children increase, it is proper to make appropriate increases in the amount of child support. Garrow v. Garrow, 152 Colo. 480, 382 P.2d 809.
On supporting evidence, the court found that, at the time of the 1970 support order, the father's take-home pay was $376, and that, at the time of the 1975 hearing, his affidavit showed a net monthly take-home pay of $516.30 while an affidavit from his employer, admitted without objection, indicated that his net monthly income was in the $800 to $900 bracket. It further found that, at the time of the hearing, the mother was employed with a net monthly take-home pay of $330, exclusive of child support *722 payments. The evidence was that she was working in 1970, but the amount of her then earnings was not shown. Both parties testified that the costs of the needs of the children had increased since 1970.
The change of circumstances being established, the court could modify support. A monthly increase of $35 per child, under the facts shown, is not unreasonable and is within the sound discretion of the trial court. Thus, its order will not be disturbed on review. See Franco v. Franco, 161 Colo. 507, 423 P.2d 327.
Also, the court's finding that the mother was entitled to have the father contribute a reasonable amount for her attorney's fee is supported by the evidence. Hence, there is no abuse of discretion in the order entered.

II.
The father also contends that the court erred in denying his motion for permanent change of custody. He first claims error in the court's considering the custody investigation report prepared by the County Department of Social Services pursuant to court order.
This report is a summary of interviews by a social worker with the parties, their spouses, the two children involved, and with 15 other persons. The report concludes with the social worker's "impressions," but does not contain any specific recommendation or opinion. It is generally favorable to the mother and unfavorable to the father.
The report is dated April 18, 1975, and shows a copy going to each attorney. Counsel for the father received his copy April 23. No objections or exceptions to the report were made prior to or at the commencement of the April 28 hearing.
On cross-examination of the father, he was asked about a statement in the report allegedly made by him. The question was objected to on the ground of hearsay, and the document was objected to on the same ground. The court ruled:
"Well, you can't object to the document because you asked for it, and this is the one you received; but I will sustain the objection."
No further reference was made to the investigation report until the conclusion of the hearing. Its author was not called as a witness. At closing, the mother's attorney moved the admission of the report into evidence. The attorney for the father objected on the ground that the report had not been mailed to counsel "at least 10 days prior to the hearing" as prescribed by § 14-10-127(2) and (3), C.R.S.1973. To this, the court ruled that this objection should have been made at the beginning of the testimony, in which event the hearing would have been set over, and that it was now too late.
Compliance with the 10-day provisions of the statute is not a condition precedent to the reception of the report. Noncompliance with the 10-day rule merely prohibits the court from proceeding with a hearing wherein the report can be considered absent consent of or waiver by the parties.
The purpose of the legislation providing for the preparation and filing of these reports in custody proceedings, § 14-10-127, C.R.S.1973, is to make the information contained therein available to assist the court in determining what is in the best interests of the children concerned. See Aylor v. Aylor, 173 Colo. 294, 478 P.2d 302; Anderson v. Anderson, 167 Colo. 88, 445 P.2d 397. Because any party has the right to call for cross-examination the investigator and any person he has consulted, and because the investigator's file is available to counsel, ample opportunity exists for a party to test the reliability of the report and to offer evidence in explanation of or to disprove any statements or conclusions based on hearsay. Cf. Anderson, supra.
In accordance with the intent and purpose of the statute, we hold that unless a party notifies the court and the opposing *723 party within 10 days after receipt of a copy of the report [or if a copy has not been received at least 10 days prior to the hearing day, then at or prior to the commencement of the hearing at which the report may be used] that he intends to object to the admission of the report on the grounds of noncompliance with the 10-day rule or the hearsay nature of the report, any such objections are waived. If a valid objection on either of the above grounds is made within the period specified above, then, on motion of either party or of the court, the court shall grant a reasonable continuance of the custody hearing date in order that the parties may obtain appropriate testimony.
Where, as here, a copy of the report was received by counsel a reasonable time prior to the hearing and no objection was made thereto until after the commencement of the hearing, objections as to hearsay and the 10-day rule were waived. See In re Marriage of Armbeck, 33 Colo. App. 260, 518 P.2d 300; Rayer v. Rayer, 32 Colo.App. 400, 512 P.2d 637. Hence, no reversible error was committed in the court's considering the report.
The father further contends that the court erroneously excluded certain testimony from the mother's present husband as to incidents showing her unfitness to have the children.
The challenged question was:
"[D]id we have a discussion about the disciplining of the children involved, the two Pacheco children?
This was objected to as irrelevant, and the objection was sustained. No offer of proof was made following this objection, and, by other questions, counsel was allowed to go into everything the witness had observed concerning the mother's treatment of the children. There was no prejudicial error here.
The court made a determination that it was in the best interests of the children that the custody remain with the mother. There was sufficient evidence to support that conclusion. Determination of custody being a matter left to the discretion of the trial judge, Rayer v. Rayer, supra, and there being no showing of an abuse of that discretion here, we will not disturb that determination.
Orders affirmed.
SILVERSTEIN, C.J., and SMITH, J., concur.