579 P.2d 90 (1978)
In re the MARRIAGE OF Judy K. SCHULKE, Appellee, and
George E. Schulke, Appellant.
No. 77-669.
Colorado Court of Appeals, Division II.
March 16, 1978.
Rehearing Denied March 30, 1978.
Certiorari Denied May 30, 1978.
*91 Melat & Wheeler, Jeffrey R. Wheeler, Colorado Springs, for appellee.
Maurice R. Franks, Pueblo, for appellant.
ENOCH, Judge.
In this dissolution of marriage action, husband appeals from those parts of the judgment relating to child custody and property division. We affirm.
At the time of dissolution of their 20-year marriage, five of the parties' six children were unemancipated. Pursuant to § 14-10-127(1), C.R.S.1973 (1976 Cum.Supp.) the trial court, upon motion by wife, ordered a custody investigation, report, and recommendation from the Department of Social Services, and it also ordered psychiatric evaluations of both parties. See § 14-10-126(2), C.R.S.1973.

I.
Husband alleges that the court erred in admitting and considering the custody investigation report (which was favorable to the wife) because it was prepared by "Custody Evaluator, Catholic Community Services." We find no merit in this allegation.
*92 In support of his position, husband contends that the Catholic Community Services is a religious agency, that the Department of Social Services had no authority to delegate the duty of making a custody evaluation to a religious body, that this particular religious body favors awarding custody to mothers, and that by use of this agency the state is supporting a religion in violation of the First Amendment to the United States Constitution.
The law and evidence do not support husband's concerns. First, it should be noted that payment by the state to a religious organization for services is not a violation of the First Amendment. See Schade v. Allegheny County Institution District, 386 Pa. 507, 126 A.2d 911 (1956); Cf. Everson v. Board of Education, 330 U.S. 1, 67 S.Ct. 504, 91 L.Ed. 711 (1947). And, contrary to husband's contentions, there is statutory and administrative authority for the purchase of services for child custody evaluation. Pursuant to § 26-2-103(11), C.R.S.1973 (1976 Cum.Supp.), the Department of Social Services has adopted a rule that when the court requests the county department to make a custody investigation, the department may purchase the services from a qualified provider under a contract approved by the state department. Social Services Policies Ch. II, A-7212.4(1).
Also, there is no evidence in the record that the Catholic Church favors custody in mothers, and, in any event, the person who prepared the report in question testified that she is not a Catholic. She also testified that the part of the agency program which handles custody evaluations receives no financial support from the Church, but is fully funded by proceeds received from the Department of Social Services. Furthermore, husband has not specified any portions of the report which he considers prejudicial, and based on our examination of the document, we agree with the trial court's conclusion that there is a total lack of religious bias in the report. Cf. Menne v. Menne, Colo., 572 P.2d 472.

II.
Husband also contends that the court erred in considering the written psychiatric evaluation reports on the grounds that the reports lacked authentication and were inadmissible hearsay. We do not agree.
Husband agreed to the wife's request for these reports at a time in the proceedings when he was represented by other than his present counsel. It is not clear from the record when or how the court received a copy of the doctor's report on the husband, but wife's report was included in the agency's custody report. Nevertheless, present counsel received the reports directly from the doctor prior to the custody hearing, raised no objection to the reports until the close of wife's evidence, and did not call the doctor for cross-examination though given an opportunity to do so by the court. He was also afforded full opportunity to present other evidence in rebuttal. Under these circumstances, we find no error by the court in considering the reports. Cf. Aylor v. Aylor, 173 Colo. 294, 478 P.2d 302; Anderson v. Anderson, 167 Colo. 88, 445 P.2d 397; Pacheco v. Pacheco, Colo.App., 554 P.2d 720; Rayer v. Rayer, 32 Colo.App. 400, 512 P.2d 637.

III.
Husband's final contention is that the court made an inequitable division of the marital property and made no findings to support its order.
The division of marital property is a matter generally within the sound discretion of the trial court, and will not be set aside unless there has been an abuse of discretion. Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006. An equitable division of property does not necessarily require an equal division. In re Marriage of Davis, 35 Colo.App. 447, 534 P.2d 809. Furthermore, the order of division must be reviewed in relation to orders on maintenance, child support, and attorney fees. Carlson, supra; In Re Marriage of Davis, supra.
*93 Husband has a full disability pension providing a net monthly income of approximately $864, and the major marital asset is the family home. The court ordered husband to pay $350 monthly for support of the children but awarded no maintenance for the wife. The parties are to pay their own attorneys' fees, and wife is obligated to pay a larger portion of the family debts. Under these circumstances and the legal guidelines stated above, we find no abuse of discretion in the court's judgment and particularly in awarding the family home to the wife because she had the responsibility of rearing the five children. See § 14-10-113(1)(c), C.R.S.1973. See also Moss v. Moss, Colo., 549 P.2d 404.
Though the findings are not as detailed as might be desired they are sufficient under the circumstances of this case to support the trial court's conclusion and are adequate for purposes of review. Westland Nursing Home v. Benson, 33 Colo.App. 245, 517 P.2d 862.
Judgment affirmed.
BERMAN and VAN CISE, JJ., concur.