672 P.2d 544 (1983)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of J.F., a minor child, and concerning R.F., n/k/a R.K., Respondent, and
H.W., Respondent-Appellant.
No. 82CA1470.
Colorado Court of Appeals, Division 3.
October 20, 1983.
*545 Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., Valerie McNevin-Petersen, Asst. Atty. Gen., Denver, for petitioner-appellee.
Eileen B. Bisgard, Longmont, Guardian Ad Litem.
The Office of Harry J. Holmes, Carol J. Huber, Longmont, for respondent-appellant.
BABCOCK, Judge.
H.W., (father) appeals from the judgment of the trial court terminating his parent-child relationship with his three-year-old son, J.F. (child). We affirm.
In April 1981, father and R.F., mother of the child, admitted allegations of a petition of dependency and neglect filed on behalf of the child, and, based on their admissions, the child was adjudicated dependent and neglected and placed in the temporary custody of the Boulder County Department of Social Services. In September 1981, the court adopted individual treatment plans for the parents. The treatment plan for father, as amended in March 1982, provided for weekly visits with the child, attendance at feedback sessions in conjunction with the weekly visits, a psychiatric evaluation, and participation in a monitored antabuse program and abstinence from alcohol. It also prohibited contact between the child's parents without the permission of the department.
In terminating father's parental rights, the trial court found that he had failed reasonably to comply with an appropriate treatment plan; that the treatment plan had not been successful; that father was an unfit parent because of his abuse of alcohol and lack of insight and understanding concerning *546 his relationship with the child; and that his conduct was unlikely to change within a reasonable period of time. The court further found that father was not capable of parenting the child, who had been in foster care for a substantial part of his life and who suffered from severe emotional problems.

I.
Father argues on appeal that the trial court erred in denying his motion for continuance, made at the outset of the termination hearing, based on a failure to make available to him, prior to hearing, certain police reports and the report of his court-ordered psychiatric evaluation. We do not agree.
The granting or denying of a motion for continuance is within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of that discretion. People in Interest of V.A. E.Y.H.D., 199 Colo. 148, 605 P.2d 916 (1980). Here, the trial court, in denying father a continuance based on the failure to provide him with the police reports, pointed out that father's attorney had been present in court at an earlier hearing when the reports were filed and thus he had had an opportunity, "since the beginning of proceedings in this case," to obtain the police reports. We find no abuse of discretion in that ruling.
We recognize that § 19-11-107(2), C.R.S.1973 (1982 Cum.Supp.), requires that all court-ordered evaluations be made available to counsel at least 15 days prior to a termination hearing, and that the court-ordered evaluation report of father was not made available to him until the day of his termination hearing; however, we do not find that the trial court abused its discretion in ruling on this issue.
The report in question was highly favorable to father. In response to the motion for continuance, counsel for the people and the guardian ad litem stipulated to its admission at the hearing. Significantly, they also agreed that if, at the conclusion of the testimony, father wished to call the author as a witness, they would not object to continuing the hearing to a later date for that purpose. The trial court deferred ruling on the issue until it arose during the hearing.
At the beginning of father's case-in-chief, his attorney informed the court of the parties' stipulation to admit the report. The report was admitted and father's attorney did not at that time, or thereafter, request a continuance to present the testimony of the author.
We hold that the provisions of § 19-11-107(2), C.R.S.1973 (1982 Cum.Supp.) may be waived by a party in interest. See Pacheco v. Pacheco, 38 Colo.App. 181, 554 P.2d 720 (1976). In this case, father waived compliance with the 15-day rule of the statute by having the report admitted into evidence according to the stipulation of the parties and by failing to renew his request for continuance to secure the presence of the author as a witness. The trial court did not abuse its discretion by failing sua sponte to grant a continuance when the report was introduced.

II.
Father further argues that he was denied due process of law because he was not given adequate notice that the September 1982 termination hearing would adjudicate his parental rights as well as those of the mother. Specifically, he contends that because of the sequence of motions and orders relative to the termination proceedings against each parent, he was not apprised of the fact that the court had consolidated the motion to terminate the mother's parental rights with the motion to terminate his parental rights. The record does not support his argument.
In March 1982, a motion to terminate the mother's parental rights was filed. A hearing on that motion, set for May 1982, was continued indefinitely. On June 14, 1982, a motion to terminate father's parental rights was filed, and on June 21, a notice to set for hearing was sent to counsel for both the father and mother. On June 30, 1983, the "motion to terminate" was set for hearing on September 13. Although neither the *547 notice to set nor the notice of setting specifically stated that the court had consolidated the motion to terminate father's parental rights with the motion to terminate the mother's parental rights, the notices were directed to both parties and were filed subsequent to the filing of the motion against father.
At no time did father, who was at all times represented by counsel, contend that he had not received notice of the motion to terminate or of the hearing. Neither did he contend that he was unprepared to present his case at the September hearing. We agree with the trial court that if there had been a question as to father's inclusion in the September proceeding, he was obligated to raise the issue of notice before the day of the hearing. See People in Interest of E.A., 638 P.2d 278 (Colo.1981); People in Interest of H.A.C., 198 Colo. 260, 599 P.2d 881 (1979), cert. denied sub nom., D.C.C. v. Colorado, 444 U.S. 1022, 100 S.Ct. 680, 62 L.Ed.2d 654 (1980).

III.
Father also argues that his right to due process of law was denied by the consolidation of his termination hearing with the termination hearing of the child's mother because he was unduly prejudiced by presentation of evidence against the mother which went beyond the allegations in the motion to terminate his rights. We disagree.
A court may consolidate two actions when they involve a common question of law or fact. C.R.C.P. 42(a); see C.R.J.P. 1. Consolidation is a matter within the discretion of a trial court, and its exercise of that discretion will not be disturbed absent a clear showing of abuse. Prudential Property & Casualty Insurance Co. v. District Court, 617 P.2d 556 (Colo.1980).
In Prudential Property, the Supreme Court stated: "An abuse of discretion occurs where the court's failure to order separate proceedings virtually assures prejudice to a party." Here, there is no indication that consolidation of the termination proceedings caused prejudice to father. Absent any showing to the contrary, we must presume that the trial court, in ruling on the termination petition regarding father, considered only those matters properly before it which related to father. See People in Interest of C.O., 36 Colo.App. 298, 541 P.2d 330 (1975).

IV.
Finally, father contends that the evidence was not clear and convincing in support of each requirement for termination, as set out in § 19-11-105(1)(b), C.R.S.1973 (1978 Repl.Vol. 8).
Father first argues that the adjudication of dependency and neglect, as required in § 19-11-105(1)(b), was defective. There is no support in the record for this contention. Father, with the advice of counsel and with notice of the allegations of dependency and neglect, admitted the petition. Cf. People in Interest of H.A.C., supra. This meets the requirements of § 19-11-105(1)(b). Cf. People in Interest of A.M.D., 648 P.2d 625 (Colo.1982).
The evidence presented at the hearing also established that there had been an appropriate court approved treatment plan, which addressed father's alcoholism, his relationship with the child's mother, a relationship marked by continual domestic violence, his inability to parent the child, and that the plan had not been reasonably complied with by father. See § 19-11-105(1)(b)(I), C.R.S.1973 (1978 Repl.Vol. 8). At the hearing, father admitted that he had a drinking problem, that he had been drinking for three months prior to the hearing, and that he had stopped going to Alcoholics Anonymous. Further, it was shown that father had quit attending sessions at the mental health center.
Father also testified that the mother was currently living with him without permission from the Department of Social Services, that their relationship continued to be violent, and that such an environment was injurious to the child. Moreover, he testified that he knew his noncompliance with *548 the plan would result in a termination of his parental rights. See §§ 19-11-105(2)(c) and (e), C.R.S.1973 (1978 Repl.Vol. 8).
Further, the evidence supported a finding that father was unfit, § 19-11-105(1)(b)(II), C.R.S. 1973 (1978 Repl.Vol. 8), and that his conduct was unlikely to change within a reasonable time. Section 19-11-105(1)(b)(III), C.R.S. 1973 (1978 Repl.Vol. 8). There was extensive testimony to the effect that, despite the efforts of the social workers, father's parenting skills had not improved, § 19-11-105(2)(i), C.R.S. 1973 (1978 Repl.Vol. 8), and that the child had substantial emotional problems caused by his home environment. Section 19-11-105(3), C.R.S. 1973 (1978 Repl.Vol. 8).
Ample evidence, including significant admissions by father, demonstrated convincingly that all the statutory criteria for termination of parental rights were present. Accordingly, the trial court's findings and conclusions will not be disturbed on appeal. See People in Interest of C.A.K., 652 P.2d 603 (Colo.1982).
Judgment affirmed.
STERNBERG and TURSI, JJ., concur.