690 P.2d 1300 (1984)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of: M.P., Jr., J.P., J.P., and D.P., Children, and concerning:
J.P. and W.V., Respondents-Appellants.
No. 83CA0750.
Colorado Court of Appeals, Div. I.
October 25, 1984.
*1301 Ballas, Maggio & Thiebaut, P.C., William Thiebaut, Jr., Sp. Asst. Co. Atty., Pueblo, for petitioner-appellee.
Ernest Ruybalid, Pueblo, for children.
Charles D. Trechter, Pueblo, for respondents-appellants.
PIERCE, Judge.
Respondent mother appeals from the trial court judgment terminating the parent-child relationship between her and her four minor children. We affirm.
In October 1979, the County Department of Social Services took physical custody of the mother's four children, then aged 9, 7, 4, and 2. The father of the three oldest children was deceased, and the father of the youngest could not be found. In November 1980, the mother stipulated to an adjudication of dependency and neglect.
The four children were placed in foster care from October 1979 until they were returned, one by one, to their mother's custody from August 1980, through April 1981. Thereafter, in July 1981, the children were again taken from the mother and placed in foster care, where they have since remained.
In January 1982, the court approved a new treatment plan for the mother. In April 1982, based on allegations that the mother had failed to comply with the treatment plan, the People filed a motion for termination of the parent-child relationship. After a hearing, the court ordered a psychiatric evaluation of the children to determine the possible effects of a termination upon them. Following an additional hearing *1302 to allow counsel to cross-examine the psychiatrist, the court entered an order terminating the parent-child relationship.

I.
Respondent claims that the People did not meet their burden of proof regarding the failure of the treatment plan. We disagree.
The constitutional standard of proof in termination cases is clear and convincing evidence. People in Interest of A.M.D., 648 P.2d 625 (Colo.1982). The record reveals that all the elements of § 19-11-105(1)(b), C.R.S. (1978 Repl.Vol. 8) were considered by the court, and that each of the elements necessary to the determination had been proved by the requisite standard.
The court concluded that the mother had failed to comply with the purpose and specific terms of the treatment plan within the time period from approval of the plan to the date of the hearing. The mother's failure to obtain physical and psychiatric examination, failure to participate in the alcohol rehabilitation program or parenting classes, failure to obtain her own residence and inform the Department of Social Services of her whereabouts, and failure to show an improvement in her ability or willingness to care properly for the children, all of which the treatment plan required, evidenced a refusal to comply. There was also considerable evidence of the counselor's and caseworkers' efforts to assist and encourage the mother and her failure to keep appointments.
A treatment plan can be judged successful only if it results in rendering a parent fit or corrects the conduct or condition which led to state intervention. People in Interest of C.A.K., 652 P.2d 603 (Colo.1982). The record reveals that no such success occurred here.
The mother asserts that because of the economic climate in early 1982 in the city where she resides, the requirements that she obtain employment within a month and obtain her own residence within two weeks thereafter, were unreasonable. However, she did not object to the treatment plan at the time of its approval by the court, nor did she try to obtain any modification of those requirements. The finding of lack of compliance was not limited to her failure to verify employment and obtain housing. The major and obvious purpose of the plan was to rehabilitate the mother through alcohol treatment and counseling such that she might become capable of properly caring for her children and fully accepting the parental role. Substantial evidence shows that her ability and willingness to be rehabilitated was lacking and that she had failed to carry out most of the treatment plan. This situation resulted in dire consequences for the children. See People in Interest of J.F., 672 P.2d 544 (Colo.App. 1983).

II.
Finally, the mother contends that she was deprived of substantive due process rights because her case was heard late at night after a long day of testimony from the People. The hearing went on from 9:30 a.m. until after midnight and resumed at 9:00 a.m. the following day. No specific prejudice was alleged or shown by the respondent. She argues that everyone was admittedly tired and that her presentation might have been better if the hearing had been continued.
Due process requires an opportunity granted at a reasonable time and in an adequate manner for a hearing appropriate to the nature of the case. Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). Here, a full and extensive hearing was given to all parties, with no limitations on reasonable cross-examination or upon respondent's presentation of her case. From a review of the record, we note no actual prejudice to respondent as a result of the lateness of the hearing or the weariness of the participants.
We do not equate the facts in this case with those situations where not only are witnesses required to testify at a late *1303 hour, but the trier of fact is placed in a position of having to make its determinations while fatigued. See Lewis v. Buckskin Joe's, Inc., 156 Colo. 46, 396 P.2d 933 (1964). Here, although testimony was taken until a very late hour on one day, the matter was continued until the following day for more testimony. The court then ordered further reports and did not make its final determination until some months later after it had had an opportunity to assimilate all of the evidence and arrive at a considered judgment. We therefore find no violation of respondent's constitutional due process rights.
We have examined the other contention of the mother and find it to be without merit.
Judgment affirmed.
STERNBERG and BABCOCK, JJ., concur.