**LEIDY'S, INC., Petitioner,**

v.

**H₂O ENGINEERING, INC., Respondent.**

**No. 90SC515.**

Supreme Court of Colorado,
En Banc.

May 20, 1991.

Fairfield and Woods, P.C., Rocco A. Dodson, Paul V. Franke, Denver, for petitioner.

No appearance for respondent.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to review *H₂O Engineering v. Leidy's, Inc.*, 799 P.2d 432 (Colo.App.1990). We now reverse and remand to the court of appeals with directions to reinstate the judgment of the trial court.

The primary issue before us centers on the interpretation of the plain wording of C.R.C.P. 52, which states in pertinent part:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law.... *Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion* except as provided in Rule 41(b).[1]

(Emphasis added.) The court of appeals held that C.R.C.P. 52 requires a trial judge

---

1. Rule 41(b) requires findings of fact when judg-

ment is made on a motion for dismissal follow-

to make findings of fact when ruling on a C.R.C.P. 12(b) motion to dismiss for lack of personal jurisdiction that involves factual issues.

I

The facts are largely undisputed. In January 1988, Leidy's Inc., a Pennsylvania corporation, retained the services of an engineering consultant, GSEE, Inc., a Tennessee corporation, to provide engineering services in connection with the improvement of Leidy's waste water treatment plant in Pennsylvania. The plans required the installation of a "DAF" unit. In March 1988, a manufacturing representative for $H_2O$ Engineering ($H_2O$) met with the president of GSEE at the GSEE office in LaVergne, Tennessee, seeking to submit bids on $H_2O$'s behalf for various GSEE projects. GSEE informed $H_2O$'s representative that Leidy's required a "DAF" unit for its Pennsylvania waste water treatment plant, which $H_2O$ manufactures. $H_2O$ submitted a bid to GSEE, which delivered the bid to Leidy's. Leidy's accepted the bid and issued a purchase order to GSEE. GSEE then sent the purchase order to $H_2O$'s offices in Colorado.

$H_2O$ manufactured the "DAF" unit and shipped the unit to Leidy's for installation. After the unit was installed, it failed to function properly and Leidy's refused to pay for the "DAF" unit. $H_2O$ subsequently filed an action against Leidy's in Boulder district court to recover the contract price. Leidy's filed a motion to dismiss pursuant to C.R.C.P. 12(b)(2), (3), and (4), contending that Leidy's did not have the required minimum contacts with Colorado to confer *in personam* jurisdiction under the long-arm statute. § 13–1–124, 6A C.R.S. (1987).

The trial judge granted the motion to dismiss, finding that the defendant's minimum contacts with Colorado were insufficient to support jurisdiction. The court of appeals reversed, holding that under C.R. C.P. 52, the trial court must make findings of fact when ruling on a motion to dismiss under C.R.C.P. 12 when factual issues are involved. The court of appeals vacated the trial court's order and remanded the case to the trial court to hold a hearing and enter factual findings on the agency relationship between Leidy's and GSEE, and on GSEE's activities on behalf of Leidy's that might confer jurisdiction on the Colorado court.

II

The plain wording of C.R.C.P. 52 provides that findings of fact are not required when ruling on a motion under Rule 12 or Rule 56. The court of appeals decision is in conflict with *Garrow v. Garrow*, 152 Colo. 480, 382 P.2d 809 (1963), and decisions of the court of appeals in *Boulder v. Sherrelwood, Inc.*, 42 Colo.App. 522, 525, 604 P.2d 686, 689 (1979),[2] and *McNeece v. McNeece*, 39 Colo.App. 160, 165, 562 P.2d 767, 770 (1977).[3]

In *Garrow v. Garrow*, 152 Colo. at 484, 382 P.2d at 811, the petitioner argued that the trial court erred in not making separate written findings of fact and conclusions of law in denying a motion to modify the terms of a child support and visitation order. We held that C.R.C.P. 52 did not require the trial court to make written findings of fact when determining the motion. *Id.* at 484, 382 P.2d at 811.

Although the court of appeals cites Judge Garth's concurring and dissenting opinion in *Myers v. American Dental Association*, 695 F.2d 716 (3d Cir.1982), for the proposition that Fed.R.Civ.P. 52 requires findings of fact, the majority in *Myers* held that Fed.R.Civ.P. 52 does not require findings of fact on a motion to dismiss for improper venue (Fed.R.Civ.P.

---

ing the plaintiff's presentation of evidence.

**2.** C.R.C.P. 52 does not require findings of fact when ruling on an order based on post-consent decree motions. *Boulder v. Sherrelwood, Inc.*, 42 Colo.App. at 525, 604 P.2d at 689.

**3.** Under C.R.C.P. 52 a trial judge is not required to make findings of fact when ruling on a motion for judgment on the pleadings (Rule 12(c)) or a motion for summary judgment (Rule 56). *McNeece v. McNeece*, 39 Colo.App. at 165, 562 P.2d at 770.

12(b)(3)). *See also, Mitchell v. Occidental Insurance, Medicare,* 619 F.2d 28, 29–30 (9th Cir.1980) (Fed.R.Civ.P. 52 does not require findings of fact on motions to dismiss); *Johnson v. Botica,* 537 F.2d 930, 935 (7th Cir.1976) (Fed.R.Civ.P. 52 does not require findings of fact when ruling on motions under Fed.R.Civ.P. 12 or 56).

The court of appeals stated that findings of fact

aid the appellate court by helping it to understand the basis of the trial court's decision; they clarify the precise issues which are decided by the court in order to allow the doctrines of collateral estoppel and res judicata to operate in future cases; and they insure care on the part of the trial court in ascertaining the facts.

*H₂O Engineering v. Leidy's,* 799 P.2d at 435.[4] We disagree with the court of appeals rationale. In ruling on a motion to dismiss for lack of personal jurisdiction, all factual disputes are resolved in the plaintiff's favor. *Behagen v. Amateur Basketball Assoc. of the U.S.A.,* 744 F.2d 731, 733 (10th Cir.), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1984); *Panos Investment Co. v. District Court,* 662 P.2d 180, 182 (Colo.1983) (party asserting jurisdiction under the long-arm statute meets burden of proof by making a prima facie showing of threshold jurisdiction).[5] When the trial court must resolve all factual disputes in favor of the plaintiff, there is no reason for the trial court to set out the factual basis for its decision.

---

4. The court of appeals, in remanding the case to the trial court, specifically ordered the trial court to make findings on whether the agency relationship between Leidy's and GSEE, and GSEE's activities on behalf of Leidy's, may confer jurisdiction on the Colorado courts. Findings of fact with regard to the agency issue are unnecessary since the parties did not dispute the facts regarding the existence of an agency relationship, or the extent of GSEE's contacts with Colorado.

Leidy's submitted an affidavit by the president of GSEE stating that: (1) H₂O's agent contacted him in Tennessee about submitting a bid for the "DAF" unit, and (2) GSEE's first contact with the Colorado office of H₂O was to submit the purchase order. H₂O, in its response to Leidy's motion to dismiss, accepted Leidy's statement of

Accordingly, we reverse and remand to the court of appeals with directions to reinstate the judgment of the trial court.

the facts adding only that the "DAF" unit was tailor made in Colorado to Leidy's specification. Leidy's did not dispute this addition.

5. *Behagen v. Amateur Basketball Association of the U.S.A.,* 744 F.2d at 733, interpreting Fed.R. Civ.P. 12(b)(2), held that in making a prima facie showing:

the allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, *all factual disputes are resolved in the plaintiff's favor,* and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

(Emphasis added.)