## No. 18,813.

IRENE WALCOTT *v.* JAMES D. WALCOTT.

(336 P. [2d] 298)

Decided March 2, 1959.   Rehearing denied March 23, 1959.

Messrs. CHISHOLM, HOWARD & DAANE, for plaintiff in error.

Messrs. GEE, DOBBINS & MAY, Mr. WALLACE MC-CAMANT, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in the same order as they appeared in the trial court and we refer to them as the mother and the father.

The mother is here by writ of error seeking review and reversal of a FINAL ORDER, JUDGMENT AND DECREE dated June 5, 1958, awarding the custody of the four and one-half-year-old son of the parties to the

Family and Children's Services of Denver, the actual physical care of the child to be entrusted to the child's paternal grandmother.

At the custody hearing neither the mother nor father testified. The only testimony offered to support the mother's claimed right of custody was the testimony of a psychiatrist who had examined and observed the mother over a period of about one year. The substance of his testimony was to the effect that the mother had appeared upset, depressed, emotionally unstable, socially maladjusted, and that she had suffered a lot of emotional trauma, but had during his year of observation made good progress in adjusting herself and that at the time of giving his testimony she was, in his opinion, capable of giving the child proper parental care and guidance and a fit person to have the custody of the child.

Two psychiatrists were called as witnesses in behalf of the father for the purpose of showing the mother's unfitness. Both had on many occasions, before and during the same year that she had been under observation by her own psychiatrist, examined the mother. Each expressed the opinion that the mother had been and then was mentally ill; they diagnosed her illness as a "psychosis that is schizophrenia" and each expressed the opinion that because of her mental illness she was not a proper person to have the care of the child.

Also called as a witness was the paternal grandmother of the child, and from her testimony one is forced to the conclusion that she and her husband were well qualified in every respect to furnish an excellent home, care, education and moral guidance for the child.

In the court's findings and order we note the following language:

"That the plaintiff Irene Walcott has been a sick and disturbed person, and though there has been a marked improvement in the status of her mental health, at the present time the status of her mental health is such that

the Court feels that she should not have custody of the minor child of the parties; * * *.

" * * * and that the defendant's mother, the said minor child's paternal grandmother, has expressed willingness to undertake the care and custody of the said minor child and that at this time she is a fit and proper person to have the care and custody of the said minor child of the parties;

" *.* * the Court considers that it is necessary to provide a stable home with a near relative, if possible, where the child may grow up in a stable environment with the best possible care, love and affection which can be given to it, and that the Court feels that the child would have and receive such adequate love and care in the home of its paternal grandmother at West Hartford, Connecticut: the Court making the Order which it does hereby make is considering primarily the welfare of the said minor child of the parties;

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the best interests and welfare of the said minor child of the parties to this action will be best provided for, and the child's interest will be best protected by granting the custody of the said minor child of the parties to the Family & Children's Services of Denver, and said custody of said minor child is therefore hereby granted to the said Family & Children's Services of Denver, and that the best interests and welfare of the child will also be best provided for, and the child's interests best protected, by granting the actual physical care to, and it is, therefore, hereby granted to, the paternal grandmother of said child, to-wit Ruth Walcott of 38 Bonny View Road, West Hartford, Connecticut, * * *."

In the decree it is provided that the mother and father shall both have all reasonable rights of visitation, and that:

" * * * at least once a year, for at least a week, the child shall be brought back to the City and County of

Denver, if the plaintiff shall be still living here in the City and County of Denver, or in this vicinity, or in the State of Colorado, and that the plaintiff shall have unlimited rights of visitation during said period when said child is so returned to the City and County of Denver, * * * ."

Careful reading of the record convinces us that the findings and judgment of the court are not only supported by the evidence, but overwhelmingly so, and therefore the judgment is affirmed.