No. 20533.

Ann Miller Rippere *v.* Kenneth H. Rippere.
(400 P.2d 920)

Decided April 12, 1965.

29

Bradley, Carney & Johnson, for plaintiff in error.

Lyle E. Miller, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

The sole issue posed by this writ of error is the propriety of an order of the trial court that the custody of a two-year old boy be awarded the child's paternal grandparents.

Ann Rippere, as plaintiff, sought a divorce from her husband, Kenneth Rippere, on the grounds of extreme and repeated acts of cruelty, and in connection therewith prayed for the custody of their minor child. By answer the defendant asked, among other things, that he be given the custody of their child.

Upon hearing the plaintiff was granted a noncontested decree in divorce and in connection therewith the trial court ordered that the custody and control of the minor child of the parties be awarded the child's paternal grandparents who reside in New Jersey. By the present writ of error the plaintiff seeks reversal of this judgment as it pertains to the custody of the child.

To characterize this custody hearing as being merely one which was hotly contested is to indulge in unwarranted hyperbole. Without going into any of the acrimonious detail, it is sufficient to say that it was the plaintiff's basic contention in the trial court that she was

indeed a fit person to be given the custody of her child and that her husband, on the contrary, was not. The defendant, it turn, contended that Ann was totally unfit to rear the child and that he was. As already suggested, at the conclusion of the custody hearing the trial court found that neither Ann nor Kenneth was a fit and proper person to be awarded the custody of their child. Thereupon, the trial court — out of the clear blue sky — proceeded to award the custody of the child to Kenneth's parents, who were not even at the hearing and who resided in New Jersey.

Although not conceding that she is in fact an "unfit" mother, the plaintiff concedes that there was *some* evidence to that effect and that the trial court's finding that she was "unfit" is a factual determination which on review cannot be successfully challenged. What Ann does complain about, however, is that there is no evidence whatsoever in the record which would in anywise justify placing the custody and control of her child in the paternal grandparents in New Jersey. In other words, she argues that assuming, as we must, that she was not herself a "fit" person to be awarded the custody of her child, still there is absolutely nothing in the record to indicate that the New Jersey home for this two-year old child would even be as desirable from the standpoint of the best interests of the child as the home which she had theretofore been providing. It is our considered view that her position in this regard is well taken.

The paramount consideration in any custody proceeding is, of course, the determination as to just what course of conduct is in the best interests of the minor child. In this regard it is well-established that when it is conducive to the child's best interests a trial court may refuse to award custody to either parent and may award custody to some one other than a natural parent of the child. Furthermore, the court, if the best interests of the child so dictate, may even award custody

to a nonresident of the state. See *Williams v. Williams,* 110 Colo. 473, 135 P.2d 1016. Courts are understandably reluctant to take such drastic measures unless the circumstances of the particular case require it; and in any event may not do so unless there be some competent and credible evidence that such is truly in the best interest of the child.

The record before us reveals absolutely nothing as to the conditions in the home maintained by the paternal grandparents in New Jersey. In fact, the only reference to these two was contained in Kenneth's testimony to the effect that *if* he was awarded custody of the child he would send the child back East to live with his parents, he being a college student at the time of the hearing. There is no competent evidence in the record that the paternal grandparents even desire custody of their grandchild, let alone any evidence that the type of home they maintain is such that to grant them custody would be for the best interests of the child. Such conceivably may be the fact, but there is nothing in this record to even indicate that such is acutally the case. Under these circumstances there quite clearly was an abuse of discretion by the trial court.

The judgment granting custody of the child to the paternal grandparents is therefore reversed and the cause remanded with directions that the trial court shall hold another hearing to determine that which is in the best interests of the child, as such may be established by competent and credible evidence adduced at the hearing.

MR. JUSTICE FRANTZ and MR. JUSTICE SCHAUER concur.