522 P.2d 744 (1974)
Joanne P. DOCKUM, Plaintiff-Appellant,
v.
Robert R. DOCKUM, Defendant-Appellee.
No. 73-421.
Colorado Court of Appeals, Div. II.
May 21, 1974.
*745 Kleinsmith, Johnson & Meldahl, Roger D. Johnson, Colorado Springs, for plaintiff-appellant.
James S. Bertagnolli, Colorado Springs, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
Plaintiff, Joanne P. Dockum, appeals from a decision of the trial court which changed the custody of two minor children from plaintiff to defendant Robert R. Dockum. We affirm.
Plaintiff initiated divorce proceedings in October 1971, which resulted in a final decree of divorce entered on January 5, 1972. Incorporated in the final decree was a stipulation and agreement of the parties which, among other things, placed custody of their three minor children with plaintiff and granted reasonable rights of visitation to defendant. On April 9, 1973, defendant filed a petition for modification of custody in which defendant requested custody of their two sons, Todd Dockum, age 10, and James R. Dockum, age 7. Defendant did not request custody of their daughter, Leah Dockum, age 1½.
At the time of the divorce plaintiff was unemployed and was able to devote her full time to the care of the children. Subsequently, however, plaintiff obtained full-time employment away from the home and, after the passage of a few months, experienced increasing difficulty in securing adequate supervision for the boys after school on those days when her job prevented her from being at home. The evidence supports the court's finding that, as a result of these circumstances, the plaintiff became unable to provide proper supervision and care for the two boys in the latter part of 1972. In December of that year plaintiff determined that it would be in the best interest of Todd and James to send them to *746 her parents' home in Ohio for the Christmas holidays and for them to remain there for the balance of the school year. Though defendant was aware of and did not object to a visit for the Christmas holidays, the trial court found, on conflicting evidence, that defendant was unaware that the boys would not be returning to their home in Colorado after the holidays. This petition for modification of custody was filed as a result of plaintiff's actions.
The record further discloses that defendant had remarried a short time prior to the hearing and that defendant's new wife had two boys by a former marriage who were approximately the ages of Todd and James. Though she is a registered nurse, she was not working at the time of the hearing and intended to remain in the home to care for her own children as well as defendant's children. At the time of the hearing, plaintiff had tentative plans to remarry, and, though she was still employed on a full-time basis, she testified that due to change in employment she was in a better position to supervise and care for the boys.

I.
Plaintiff contends that even though the divorce proceeding was commenced prior to January 1, 1972, the provisions of the new Uniform Dissolution of Marriage Act, 1971 Perm.Supp., C.R.S.1963, 46-1-1 et seq., should have been applied by the trial court in this custody proceeding. We do not agree.
The Uniform Dissolution of Marriage Act provides:
"This article shall take effect January 1, 1972 and shall apply only to actions affected by this article which are commenced on or after such date; all such actions commenced prior to said date shall be governed by the laws then in effect." 1971 Perm.Supp., C.R.S.1963, 46-1-33.
Under the old divorce statute, the court was specifically granted continuing jurisdiction "of the action" for the purpose of revising orders determining child custody. C.R.S.1963, 46-1-5(4). The Uniform Act does not expressly grant such jurisdiction, but, since it contains a section permitting modification of child custody orders, it does give continuing jurisdiction by implication. See 1971 Perm.Supp., C.R.S.1963, 46-1-31. The issue raised in this appeal, therefore, is whether each successive invocation of the court's continuing jurisdiction in custody matters constitutes a new "action" as that wording is used in the applicability clause of the Uniform Act.
The trial court's initial contact with this family occurred when the divorce was requested in 1971. At that time, the jurisdiction of the court was exercised pursuant to the old divorce law. Defendant's petition sought modification of the original order of custody entered under the old law. The filing of the petition did not constitute initiation of a new action; rather, it was a request for the court to review, in light of asserted changed circumstances, the order entered in the previous proceedings. Under these circumstances, we hold that the "action" was the original divorce proceeding, and therefore the Uniform Act does not apply.

II.
Plaintiff further contends that the trial court abused its discretion in finding that changed circumstances and the best interests of the two boys justified a change in custody.
The modification of a divorce decree with respect to custody of minor children lies within the sound discretion of the trial court, and will be disturbed on review only if clear abuse of discretion is shown. Huber v. Huber, 143 Colo. 255, 353 P.2d 379; Coulter v. Coulter, 141 Colo. 237, 347 P.2d 492. The evidence shows that the circumstances of custody had changed significantly since the entry of the original decree  at the time of the hearing the boys were living in Ohio with their grandparents, rather than with their mother. Further, prior to the time the boys were sent to Ohio, plaintiff was unable to provide *747 adequate supervision and care. The trial court weighed the testimony of numerous witnesses relating to the best interests of the children and we cannot say that any abuse of discretion has been shown.
In our review of the record we note with particular interest the report of the welfare department. Though the report recommended the change in custody, it does not appear that the trial court gave credence to the report, nor do we in evaluating the evidence in support of the court's ruling. We find it inconceivable that in a hearing where the primary concern is the welfare and the best interests of the children, a report should be concluded without the investigator or someone on his behalf having physically seen the children. Even more disturbing is the fact that the investigator interviewed the seven- and ten-year-old boys by long distance telephone while they were living in Ohio. The callousness of this procedure is demonstrated by the fact that during this whole traumatic period the parents carefully avoided exposing the children to unnecessary strain and the only time that either of the boys broke down emotionally was during this impersonal experience of an interview by long distance telephone. We cannot condemn too strongly this type of investigation. Nor are we impressed with, and we also strongly condemn, the investigator's boastful comment to the plaintiff and his subsequent testimony that he had never "lost a case."

III.
Plaintiff's final allegation is that the court erred in ordering the parties to bear equally travel expenses involved in the exercise of visitation rights and in denying plaintiff's request for attorney's fees. Again, such orders are within the discretionary powers of the trial court and will not be disturbed on review in the absence of a clear abuse of that discretion. Plaintiff had an income of $700 a month, and there was no showing that she was unable to meet the obligation imposed on her by the court's order. See Stovall v. Crosby, 171 Colo. 70, 464 P.2d 868.
Judgment affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.