**In re the MARRIAGE OF Steven F. TROUTH, Appellee,**

**and**

**Lois Trouth, Appellant.**

**No. 80CA0733.**

Colorado Court of Appeals,
Div. II.

June 11, 1981.

Worth F. Shrimpton, Craig, for appellee.

Feldhamer, Fischer & Associates, P. C., Mark J. Fischer, Hayden, for appellant.

KELLY, Judge.

This is an appeal by the mother from an order of custody granting custody of her minor child to the paternal grandparents. She challenges the propriety of the trial court's award to persons who were not parties to the action. We affirm.

The child, born in July 1977, has lived with his grandparents since April 1978, when his parents separated. The father was awarded custody of the minor child after a default dissolution hearing and entry of decree.

In December 1979, the mother filed a motion to modify custody or visitation. At the hearing on this motion, the trial court heard testimony from the parties, from the grandparents, and from other witnesses. The court also examined reports from the Department of Social Services and heard testimony from the caseworker who prepared the report concerning the environment at the grandparents' home. It found that it would be in the best interests of the child to

continue to reside with his grandparents, and granted custody to the grandparents with visitation rights for the mother.

The mother argues that the trial court erred in granting custody to the grandparents without having made them parties pursuant to § 14–13–111, C.R.S.1973. We disagree.

This provision of the Uniform Child Custody Jurisdiction Act, together with its stated purposes, indicate that the Act does not apply to actions which are purely intrastate. The purposes of the Act are to promote cooperation between courts of different states which will lead to an informed decision on custody, § 14–13–102, C.R.S.1973, and to "prevent the desperate shifting from state to state of thousands of innocent children by interested parties seeking to gain custody rights in one state even though denied those rights by the decree of another state." *Fry v. Ball*, 190 Colo. 128, 544 P.2d 402 (1975). Thus, § 14–13–111 is not applicable here since the child, his parents, and his grandparents resided in Colorado, and the divorce and the custody decree were entered by a Colorado court.

The Uniform Dissolution of Marriage Act, § 14–10–101, et seq., C.R.S.1973, is the applicable statute under these circumstances. Under the earlier divorce statutes, a court could award custody to those who were not parties to the action if that were in the best interests of the child.

> "In this regard it is well-established that when it is conducive to the child's best interests a trial court may refuse to award custody to either parent and may award custody to some one other than a natural parent of the child." *Rippere v. Rippere*, 157 Colo. 29, 400 P.2d 920 (1965).

*See Coulter v. Coulter*, 141 Colo. 237, 347 P.2d 492 (1959); *Walcott v. Walcott*, 139 Colo. 37, 336 P.2d 298 (1959).

The Act does not change this result. Under § 14–10–123, C.R.S.1973, the court may permit the intervention of interested parties. It does not mandate that they be made parties.

The mother also argues that the trial court failed to follow statutory standards set forth in § 14–10–131, C.R.S.1973. Although this was not raised in the motion for a new trial, the status of a minor child is at stake, and we choose to address the issue. *In re Marriage of Brown*, Colo.App., 626 P.2d 755 (1981).

Questions of custody must of necessity rest upon the judgment of the trier of fact, and its determination will not be disturbed if there is evidence to support its conclusion. *Root v. Allen*, 151 Colo. 311, 377 P.2d 117 (1962); *Christian v. Randall*, 33 Colo.App. 129, 516 P.2d 132 (1973). We have reviewed the record and conclude that the relevant requirements of § 14–10–131(2), C.R.S.1973, have been met.

Accordingly, the order is affirmed.

PIERCE and VAN CISE, JJ., concur.