In re the MARRIAGE OF Lynda D. AGNER, f/k/a Lynda D. Brack, Appellant,

and

David J. Brack, Appellee.

No. 82CA0292.

Colorado Court of Appeals, Div. II.

Dec. 30, 1982.

William H. Ball, Denver, for appellant. No appearance for appellee.

SMITH, Judge.

Lynda D. Agner appeals from an order of the district court which changed the custody of two minor daughters to their father, David J. Brack. We affirm.

After the dissolution of the parties' marriage in 1975, Agner was awarded custody of the parties' two minor daughters, ages 6 and 2½. Brack was allowed visitation rights which included overnight visits.

In August 1980, the children did not return to Agner after a stay with Brack. At that time, Brack filed for, and was granted, a temporary restraining order enjoining the removal of the two children from his physical custody.

Subsequently, Brack filed motions for temporary custody and for modification of custody. The foregoing motions alleged, *inter alia,* sexual abuse of the two girls by Agner's husband.

In September of 1980, a hearing was held on Brack's motion to continue the restraining order, and on Agner's motion for change of venue to La Plata County where she and several witnesses lived. The change of venue was denied, and, after testimony and an in camera interview with the two girls, without counsel or the parties present, the court ordered that the temporary restraining order be continued. At

that time, Agner objected to the interview and the trial court's order that the transcript of the interview be sealed.

In December of 1981, after hearing testimony of the parties and several expert witnesses, Brack was granted custody of the two girls.

## I.

Agner first contends that the trial court erred in denying her motion for change of venue. We disagree.

■ Agner's motion seeking a change of venue relied upon C.R.C.P. 98(f)(2) which allows for change of venue, "when the convenience of witnesses and the ends of justice would be promoted by the change." A motion based on the foregoing is addressed to the sound discretion of the trial court, whose decision will be accepted as final on review unless an abuse of discretion is apparent. *Evans v. District Court,* 194 Colo. 299, 572 P.2d 811 (1977). We find no abuse here.

## II.

Agner also assigns as error the trial court's denial of her requested continuance of the December 1981 custody hearing. We find no error.

■ A request for continuance of a hearing date is a matter which lies peculiarly within the sound discretion of the trial court, and unless there has been an abuse of discretion, a reviewing court may not reverse the trial court's determination. *People in Interest of V.A.E.Y.H.D.,* 199 Colo. 148, 605 P.2d 916 (1980). Again, we find no abuse of discretion.

## III.

■ Agner also contends that the trial court erred in not ordering a social services report from La Plata County, the county where the girls resided for some five years prior to this action. We disagree.

The trial court did order and receive an investigation report from Jefferson County Department of Social Services concerning custodial recommendations for the children. This action met the requirements of § 14–10–127, C.R.S.1973. It contained information concerning and analyzing the situation in both Jefferson and La Plata counties. The report received was thorough and complete. While a separate report from the La Plata Department of Social Services might have been desirable, it was neither required, nor was it an abuse of discretion not to order one. Therefore, we find no error.

## IV.

■ Agner also contends that the court erred by failing to determine whether the alleged molestation did in fact occur. We disagree.

Section 14–10–131(2), C.R.S.1973, provides that a custody decree may be modified if "the child's present environment endangers his physical health or significantly impairs his emotional development . . . ." The best interest and welfare of the children is the primary and controlling consideration of the court. *See Aylor v. Aylor,* 173 Colo. 294, 478 P.2d 302 (1970). Further, questions of custody must of necessity rest upon the judgment of the trier of fact, and its determination will not be disturbed if there is evidence to support this conclusion. *In re Marriage of Trouth,* 631 P.2d 1183 (Colo.1981).

Our review of the record reveals abundant evidence and testimony that, regardless of whether they were actually molested, the girls feared such would occur if they were forced to return to Agner's custody. The experts were all in accord that forcing them to return would indeed endanger, at least, their emotional development. It was also the expert's opinion that the girls had indeed been molested. Thus, while the actual fact of molestation may have been relevant, it was not the only consideration here. There was sufficient evidence on this and other issues from which the trial court could find that the best interests of the children dictated the change of custody. Accordingly, we find no merit in Agner's contention.

## V.

■ The remaining contentions of error concern the propriety of the private interview conducted by the judge with the girls during the hearing on whether to continue the temporary restraining order.

In custody actions, the court is allowed to interview the children in chambers. The court may permit counsel to be present. Section 14–10–126, C.R.S.1973. The discretionary language of the statute makes it clear that Agner was not entitled, as a matter of law, to cross-examine the children at the time of the interview.

Further, § 14–10–128(4), C.R.S.1973, sets forth that:

"If the court finds it necessary in order to protect the child's welfare that the record of any interview ... in a custody proceeding be kept secret, the court shall make an appropriate order sealing the record."

It appears in the record that the children were promised that no one would see the record of the interview. While the court did not, in so many words, find that it was in the children's welfare to seal the record, it is certainly implicit in its promise and subsequent order.

Finally, Agner's argument that the trial judge should have disqualified himself because of having conducted the interview is totally without merit.

Accordingly, the order is affirmed.

VAN CISE and STERNBERG, JJ., concur.