Linda C. DARNER, Petitioner,

v.

The DISTRICT COURT In and For MONTROSE COUNTY, SEVENTH JUDICIAL DISTRICT; The Honorable Richard J. Brown, One of the Judges Thereof; and Kirt I. Darner, Respondents.

No. 84SA13.

Supreme Court of Colorado, En Banc.

April 30, 1984.

---

Yates & Crane, Russell E. Yates, Alan G. Hill, Durango, for petitioner.

Woodrow, Roushar & Weaver, Frank J. Woodrow, Montrose, for respondents.

ERICKSON, Chief Justice.

This is an original proceeding by the petitioner, Linda C. Darner, to require the respondent, Montrose County District Court, to vacate an order modifying the custody of her son, Chad Darner, from the petitioner to Kirt I. Darner, respondent.[1] We issued a rule to show cause and make the rule absolute and remand for further proceedings consistent with this opinion.

## I.

The marriage of petitioner and respondent was dissolved by the Montrose County District Court on December 6, 1979. The decree granted custody of the couple's two children to petitioner.

On August 27, 1981, the district court approved a stipulation modifying the provisions for custody of the children. The district court construed the stipulation as a joint custody agreement.[2] The stipulation

---

1. Jurisdiction of this court is properly invoked pursuant to Colo. Const. Art. VI, § 3 and C.A.R. 21. The respondent, Montrose County District Court, will be referred to as the district court. Kirt I. Darner will be designated as respondent.

2. The stipulation does not expressly label the *custody arrangement as being a joint custody agreement*, however, both parties have argued it should be treated as such. The stipulation provides, in part:

"8. Respondent [Kirt I. Darner] shall also be considered as custodian of the children with rights to make day to day decisions while the children are visiting with him, and with the right to be informed concerning major decisions in the areas of education, general welfare, and the right to participate in such decisions by way of advice and consent, and with the right to receive relevant information concerning such areas."

set forth that petitioner was to have primary custody of the children. The respondent was to have reasonable visitation rights. The parties continued to abide by the stipulation after the petitioner moved from Montrose to Durango, Colorado.

In October 1983, respondent filed a motion to modify the joint custody arrangement by changing Chad's residency from petitioner's home in Durango to his own home in Montrose. The respondent also requested a psychological evaluation of Chad, himself, and the petitioner to assess the advisability of the move.[3]

After a hearing on the matter on December 14, 1983, the district court issued its order December 29, 1983, granting the requested modification of custody. Petitioner brought this original proceeding to challenge the district court's order.

## II.

The petitioner argues that under the joint custody agreement the change of Chad's residence should be treated as a modification of custody requiring compliance with the statutory standards for modification. In *McGraw v. District Court*, 198 Colo. 489, 601 P.2d 1383 (1979), we found that a change in physical custody was the equivalent of a modification of custody under section 14–10–131, C.R.S. 1973. The principle applies here. Even though the respondent had joint custody of Chad, any permanent change in Chad's residence in effect modifies the decree. The district court was required to comply with the statutory standards for modification of custody in making its order.

Under section 14–10–131(2), C.R.S.1973 (1983 Cum.Supp.), to modify custody a court must find:

"[T]hat a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

In applying these standards, the court shall retain the custodian established by the prior decree unless:

. . . .

(c) The child's present environment endangers his physical health or significantly impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child."

In 1983 the General Assembly amended the child custody statute by adding section 14–10–131.5(1), C.R.S.1973 (1983 Cum.Supp.) which provides:

"Except as provided in subsection (3) of this section, an award of joint custody may be modified or terminated upon motion of one or both parties or on the court's own motion, if such modification or termination is in the best interest of the child, as specified in section 14–10–124 (1.5), and the harm likely to be caused by the change of environment is outweighed by the advantage of such change to the child. The court shall also take into consideration the pattern of involvement of the parties with the child."[4]

Pursuant to section 14–10–123.5(6), C.R.S. 1973 (1983 Cum.Supp.), section 14–10–131.5(1) only applies to orders of joint custody entered on or after July 1, 1983.

In modifying the custody of Chad the district court relied on the "best interests of the child" standard of 14–10–131.5 and said:

"Although the parties have a joint custody arrangement entered into in 1981, the Court takes notice of Senate Bill No. 286 [adding 14–10–131.5] concerning the realm of joint custody and finds it to be an expression of public policy recognized by the Legislature which the Court needs to take into consideration. In determining the residential custodian of the child,

---

3. Respondent stated in his motion that he did not want to move Chad during the school year. The motion was filed in October to allow time for the psychological evaluations and hearings required pursuant to the motion.

4. The best interests of the child standard is defined in 14–10–124(1) and (1.5), C.R.S.1973 (1983 Cum.Supp.).

the Court applies the standard of the best interests of the child...."

Petitioner asserts that the trial court applied the wrong standard in concluding that the custody agreement should be modified. Section 14–10–131.5 applies only to joint custody orders entered on or after July 1, 1983. Since the joint custody agreement in this case was approved by the court in 1981, the petitioner contends that the appropriate test to be applied is the changed circumstances standard set out in 14–10–131(2). We agree with petitioner's argument.

In *Dockum v. Dockum,* 34 Colo.App. 98, 522 P.2d 744 (1974), the Court of Appeals rejected the argument that provisions of the Uniform Dissolution of Marriage Act, 14–10–101 *et seq.,* C.R.S.1973, should apply to custody proceedings where the dissolution proceeding was commenced prior to the effective date of the act. It found that a court's jurisdiction over custody matters is continuing. Where the dissolution was decreed under the prior law, the Uniform Dissolution of Marriage Act would not apply to a later custody modification. *See also Spurling v. Spurling,* 34 Colo.App. 341, 526 P.2d 671 (1974).

The logic of *Dockum* applies here. Where a joint custody order was entered prior to the effective date of the joint custody amendments, or July 1, 1983, the amendments do not apply to custody modifications. The district court erred when it applied the best interests of the child standard set out in the new section 14–10–131.5. The appropriate standard to be used for joint custody orders entered prior to July 1, 1983, is the changed circumstances test of section 14–10–131(2).[5]

Respondent alleges that sufficient evidence was offered at the December 14, 1983 hearing to justify a modification of custody under the standard set out in section 14–10–131(2). The trial court, however, did not make a finding as to a change of circumstances which would be adequate

to justify a modification of custody under that standard. A trial court may not modify custody without making findings of fact in compliance with the appropriate standard to establish the basis for the change of custody. *In re Marriage of Johnson,* 42 Colo.App. 198, 591 P.2d 1043 (1979).

Accordingly, the rule to show cause is now made absolute and the case is remanded to the district court for further proceedings consistent with this opinion.

---

5. Section 14–10–131 was amended in the bill adding 14–10–131.5. The amendments did not alter the standard to be applied to a modification of custody.