**In re the Marriage of Leah Catherine UTZINGER, n/k/a Leah Catherine Miley, Appellant,**

**and**

**Kenneth John Utzinger, Appellee.**

**No. 85CA0866.**

Colorado Court of Appeals,
Div. I.

May 29, 1986.

Roberta S. Greengard, Denver, for appellant.

Bayer, Carey & McGee, P.C., James T. Bayer, Jennifer I. Holt, Denver, for appellee.

STERNBERG, Judge.

Leah Catherine Utzinger Miley (the mother) appeals an order changing custody of her daughter from her to Kenneth John Utzinger (the father). We affirm.

At the time of the dissolution of the marriage of the parties in 1981, the trial court approved a property settlement agreement which, *inter alia,* awarded custody of the then two-year-old daughter of the parties to the mother. When the mother later remarried, an order was entered permitting her to move from the state with the child.

When the child was five years old and was visiting with her father, an incident occurred leading the father to conclude that the child had been sexually abused. He reported this to the Department of Social Services which conducted an investigation that included an interview with the child. It was the conclusion of the social worker that the stepfather had engaged in sexual activity with the child. The motion for change of custody and the order here at issue followed.

The mother's principal contention is that there was insufficient evidence to meet the requirements of § 14–10–131, C.R.S., for a change of custody. We do not agree.

■ Where, as here, there is evidence to support a trial court's findings in ordering a change of custody, that court's determination may not be disturbed on review. *In re Marriage of Trouth,* 631 P.2d 1183 (Colo.App.1981).

Contrary to the mother's argument, we are aware of nothing in the law requiring that the custodial parent must have in some way misbehaved to allow a court to change custody. It should be apparent that it is inappropriate for a child to continue living in a home where an adult who has abused her sexually also resides. The custodial parent's innocence or guilt in such a situation is not dispositive of the best interests of the child.

■ It is true there are presently no outward manifestations of the child having been injured by the sexual contact. Nor is there a recommendation by a social worker to change custody. However, in light of the evidence of sexual abuse in the record, we cannot say that the trial court abused its discretion in ordering the change of custody. *See Dockum v. Dockum,* 34 Colo.App. 98, 522 P.2d 744 (1974). *See also In re Marriage of Agner,* 659 P.2d 53 (Colo.App.1982); *In re Marriage of Trouth, supra.*

■ Finally, we address the mother's assertion that the court erred in not considering certain letters which she attached to her motion for reconsideration and to her notice of appeal in this court. These documents were hearsay, and do not come under any exceptions making them admissible. *See* CRE 801 and CRE 802.

The order is affirmed.

PIERCE and METZGER, JJ., concur.