**In re the MARRIAGE OF Colleen WELLS n/k/a Colleen Holtby, Appellee,**

**and**

**Richard Francis Wells, Appellant.**

No. 88CA1413.

Colorado Court of Appeals, Div. I.

Aug. 17, 1989.

Grant, Bernard, Lyons & Gaddis, John W. Gaddis, Longmont, for appellee.

Stevens & Littman, Andrew C. Littman, Boulder, for appellant.

PIERCE, Judge.

Richard Francis Wells (father) appeals from an order denying his motion to modify a joint custody order or, in the alternative, to have the children returned to Colorado. We affirm.

In 1982, the marriage of the parties was dissolved and the parties were awarded joint custody of their two minor children. Hazel Wells (mother) was designated as the primary residential custodian. In 1988, father filed a motion to modify physical custody after mother remarried and moved with the children to another state. The trial court determined that father failed to establish that the children were endangered and, accordingly, denied the motion.

I.

Father contends that the trial court erred in applying the change in circumstances standard set forth in § 14–10–131, C.R.S. (1987 Repl.Vol. 6B) for modification of custody, rather than the best interests standard set forth in § 14–10–131.5(1), C.R.S. (1987 Repl.Vol. 6B). We disagree.

Under § 14–10–131.5(1), a trial court may modify a joint custody order if such is determined to be in the best interest of the

child. This statute was enacted in 1983, and it has been interpreted to apply only to orders of joint custody entered on or after July 1, 1983, in accordance with the language of Colo.Sess.Laws 1983, ch. 178, § 14–10–123.5(6) at 646. *See Darner v. District Court,* 680 P.2d 235 (Colo.1984).

However, § 14–10–123.5(6) has since been repealed. *See* Colo.Sess.Laws 1987, ch. 111, § 14–10–123.5(6) at 577. Father argues that it was the intent of the General Assembly in repealing the statute that any motion to modify a joint custody order be evaluated in terms of the best interest of the child under § 14–10–131.5(1). Given the history behind the repeal, and applicable case law, we do not agree that such was the General Assembly's intent. Early in the legislative session of 1987, § 14–10–123.5(6) was originally amended to read:

"Any provisions relating to joint custody in this article shall apply only to an *order* of joint custody entered on or after July 1, 1987. For orders of joint custody entered into on or after July 1, 1983, and before July 1, 1987, the provisions relating to joint custody in this article in effect at the time of the entry of the order shall apply." (emphasis added)

Colo.Sess.Laws 1987, ch. 111, § 14–10–123.5(6) at 576. However, as noted above, that amended version of the statute was repealed later in the same session of the General Assembly.

The general applicability clause of the bill bringing this amendment into effect (House Bill No. 1019) limits application of its amendments to *petitions* in proceedings for dissolution of marriage, legal separation, or invalidity, filed on or after July 1, 1987. According to the summary accompanying the subsequent bill (Senate Bill No. 229) which repealed § 14–10–123.5(6), the purpose of the repeal was to resolve the conflict with the general applicability clause. Consequently, we believe that the intent of the General Assembly was to clarify that the 1987 amendments concerning joint custody, brought into effect by House Bill 1019, apply to newly filed petitions and not to petitions pending a court

order. *See* Hearing on Senate Bill 229 before the Senate Judiciary Committee, 56th General Assembly, first session, June 4, 1987.

The bill bringing into effect § 14–10–131.5(1) does not contain a similar application clause. *See* Colo.Sess.Laws 1983, ch. 178, at 645–648. However, we adopt the logic of *Dockum v. Dockum,* 34 Colo.App. 98, 522 P.2d 744 (1974) as applied in *Darner v. District Court, supra,* in concluding that, despite the repeal of § 14–10–123.5(6), the amendment does not apply to a modification of a dissolution decreed before its enactment.

■ In a dissolution case, the trial court has continuing jurisdiction in custody matters. The filing of a motion for a custody modification, therefore, does not constitute a new action; rather it is a request for the court to revise a custody order entered under prior law. Thus, the law then in effect governs a subsequent modification of that order. *See Dockum v. Dockum, supra.*

The effective date of § 14–10–131.5(1) is July 1, 1983. Therefore, it applies only to modifications of joint custody orders entered on or after that date. As the custody order at issue here was entered in 1982, the trial court properly applied the change in circumstances standard.

### II.

■ Citing *Tanttila v. Tanttila,* 152 Colo. 445, 382 P.2d 798 (1963), Father alternatively contends that the trial court erred in not addressing this case as a removal and thereby applying a best interest standard. We find no merit to this contention.

■ The record supports the trial court's conclusion that father initially consented to the removal, although he contends that he understood the move to be temporary. However, a year passed before father raised this issue with the trial court. As no restrictive conditions existed in the dissolution decree, mother was permitted to remove the children from the state as part of the "great latitude" given to a custodial parent in providing a primary home for the

children. *See In re Marriage of Casida,* 659 P.2d 56 (Colo.App.1982). The record also supports the trial court's finding that the family moved to another state when mother's new husband entered employment there following a substantial period of unemployment in Colorado.

Under these circumstances, we conclude that father has waived his right to challenge the removal of the children from the state and that father's request to have the children return is, in effect, a request for a change in physical custody which is tantamount to a modification of custody. *See McGraw v. District Court,* 198 Colo. 489, 601 P.2d 1383 (1979). Consequently, the court properly applied the applicable modification standard as set forth in part I of this opinion.

We find father's remaining contention to be without merit.

Order affirmed.

TURSI and HUME, JJ., concur.