**The PEOPLE of the State of Colorado, In the Interest of M.M.T., Minor Child,**

**Upon the Petition of: O.R., Petitioner-Appellee,**

**And Concerning M.M.T., Respondent-Appellant,**

**and**

**T.L.P., John Doe, and all others claiming an interest in said child, Respondents.**

No. 83CA0100.

Colorado Court of Appeals, Div. I.

Nov. 23, 1983.

Rehearing Denied Dec. 15, 1983.

Max P. Zall, City Atty., Bernard W. Messer, Asst. City Atty., Denver, for petitioner-appellee.

Gale A. Drexler, Denver, for respondent-appellant.

METZGER, Judge.

Mother (M.M.T.) appeals the juvenile court's judgment adjudicating her child, M.M.T., as dependent and neglected. We affirm.

## I.

Mother first contends that the juvenile court abused its discretion in allowing the child's *guardian ad litem* to proceed with his case prior to ruling on her motion for a directed verdict at the conclusion of the People's case.

Although § 19-3-106, C.R.S. 1973 (1978 Repl.Vol. 8), delineates some broad procedural guidelines in adjudication hearings, the precise issue raised in this appeal is not specifically dealt with in any Colorado statute or rule pertaining to these hearings. Therefore, pursuant to C.R.J.P. 1, we must look to the Rules of Civil Procedure for guidance.

Since § 19-10-113(3), C.R.S. 1973 (1978 Repl.Vol. 8) requires the *guardian ad litem* to participate in proceedings to the extent necessary to protect the interests of the child, the child, through the guardian, is an indispensable party. C.R.C.P. 19; *see People in Interest of M.B.*, 188 Colo. 370, 535 P.2d 192 (1975). And, in multi-party litigation the trial court has discretion in aligning parties. C.R.C.P. 20. Here, since the primary focus of the hearing concerned the child's best interests, and since the *guardian ad litem* had advised the court of his intent to align the child's case with that of the People, the court was correct in allowing the *guardian ad litem* to present his evidence before ruling on mother's motion.

## II.

Mother also asserts that the trial court's action in continuing the hearing on its own

motion over her objection constituted an abuse of discretion. The record shows that this hearing was continued by the court on the afternoon of September 14, 1982, after one and one-half days of trial, so that a mandatory priority matter could be heard. Mother was present when the continuance was ordered, and assured the court she would be present on September 20, 1982, for the resumption of the hearing. She failed to appear and the matter was continued to September 22, 1982, on her attorney's motion. Again she failed to appear and her attorney's motion to continue the hearing to October 26, 1982, was granted. Upon mother's failure to appear on that date, after assurances from her attorney that personal notice of that hearing had been given to her, the trial court denied her attorney's motion to continue the matter once again.

■ While the better practice is to pursue a hearing, once begun, to its completion, we hold that the trial court did not abuse its discretion in this case. Priority matters must be heard as expeditiously as possible, and the trial court's recognition of that fact did not constitute reversible error here. Further, the court's refusal to grant a third continuance on October 26 was not improper. Trial courts have discretion to grant or deny continuances, and there was no abuse of that discretion here. *Bradfield v. Ringsby*, 37 Colo.App. 123, 546 P.2d 500 (1975).

■ Mother's other contentions relate to the sufficiency of the evidence. A review of the record convinces us that there was ample evidence to support the trial court's findings, and we will not disturb them on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

The judgment is affirmed.

PIERCE and BERMAN, JJ., concur.