752 P.2d 587 (1987)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of D.M.W. a/k/a D.M.J., a Child,
And Concerning D.L.W. a/k/a D.J., Respondent-Appellant.
No. 87CA0190.
Colorado Court of Appeals, Div. III.
October 15, 1987.
Rehearing Denied November 25, 1987.
*588 Stephen H. Kaplan, City Atty., Claire A. Fish, Asst. City Atty., Denver, for petitioner-appellee.
Doris E. Burd, Denver, guardian ad litem.
Robert W. Thompson, Jr., Denver, for respondent-appellant.
BABCOCK, Judge.
D.L.W., mother, appeals an order of the juvenile court terminating the parent-child legal relationship between her and her daughter, D.M.W. We affirm.

I.
Mother contends that the juvenile court erred in finding that although she had complied with the treatment plan to the best of her ability, the treatment plan had not been successful. We find no error.
Although a parent may substantially comply with a treatment plan, the plan may not be successful in correcting the conduct or condition which initially led to state intervention. People in Interest of C.A.K., 652 P.2d 603 (Colo.1982). Under such circumstances, termination of the parent-child legal relationship is proper. Section 19-11-105(1)(b)(I), C.R.S. (1986 Repl. Vol. 8B); People in Interest of C.B., 707 P.2d 1046 (Colo.App.1985).
Here, the record shows that mother partially complied with certain provisions of the treatment plan and that she made progress in controlling and maintaining her longstanding mental illness. However, the record also shows that the plan was not successful in enabling her to recognize or to meet the child's physical or emotional needs. Thus, having support in the record, the juvenile court's findings with respect to the treatment plan will not be disturbed on review. See People in Interest of C.B., supra.

II.
Mother next contends that the juvenile court erred in denying her motion for separate termination hearings with respect to her and the child's father. She argues that evidence admissible as to the father was unduly prejudicial to her and that its admission resulted in confusion of the issues. We disagree.
The decision whether to order a separate trial under C.R.C.P. 42(b) lies within the sound discretion of the trial court. Gaede v. District Court, 676 P.2d 1186 (Colo.1984); Moseley v. Lamirato, 149 Colo. 440, 370 P.2d 450 (1962). Requisites for an order of separate trials are (1) convenience, (2) avoidance of prejudice, or (3) expeditious or economical adjudication. Gaede v. District Court, supra.
In denying mother's motion for separate hearings, the juvenile court found that the issues concerning mother and father were necessarily interlocked, but that the court, as trier of fact, would have no difficulty disregarding that evidence which should not be considered against one party or the other. Concluding that no prejudice would accrue to either party, the juvenile court denied mother's motion for separate hearings. In light of these findings and in the absence of a showing of actual prejudice, there was no abuse of discretion in the juvenile court's ruling. See Gaede v. District Court, supra; see also People in Interest of J.F., 672 P.2d 544 (Colo.App. 1983).

III.
Mother also contends that the juvenile court abused its discretion in granting a *589 continuance of the termination hearing. She argues that although there was good cause to continue the matter as to father, there was no showing of good cause to continue as to her. Again, we disagree.
The juvenile court granted father's motion to continue to enable him to obtain an independent evaluation pursuant to § 19-11-107, C.R.S. (1986 Repl.Vol. 8B). Because mother and father were still married, it determined that decisions as to the best interests of the child required that evidence as to both parents be presented during one termination hearing and continued the termination hearing as to mother. This ruling was within the juvenile court's discretion. See People in Interest of M.M., 726 P.2d 1108 (Colo.1986).

IV.
Mother's remaining contentions relate to the sufficiency of the evidence and to the consideration of less drastic alternatives to termination of parental rights. Our review of the record convinces us that the criteria for termination set forth in § 19-11-105(1)(b), C.R.S. (1986 Repl.Vol. 8B), and the findings made pursuant thereto, were supported by clear and convincing evidence. See People in Interest of C.B., 740 P.2d 11 (Colo.1987); People In Interest of M.M.T., 676 P.2d 1238 (Colo.App.1983). Thus, we presume that the trial court considered less drastic alternatives prior to ordering termination of mother's parental rights. See People in Interest of M.M., supra.
Judgment affirmed.
STERNBERG and TURSI, JJ., concur.